[No. 13536. Department One. March 2, 1917.]

OSCAR BARTH, *a Minor, by his Guardian etc., Appellant,* v. W. J. HARRIS *et al., Respondents.*[1]

APPEAL — NOTICE OF APPEAL — TIME FOR TAKING — DATE OF JUDGMENT. The clerk's minute entry of the granting of a motion for a nonsuit is not a judgment, and where, upon the same day, a motion for a new trial was made and later overruled and formal entry of judgment of dismissal was entered, the time for taking an appeal begins to run from the date of the formal judgment, and not from the granting of the nonsuit; Rem. Code, § 431, authorizing the clerk to enter judgment immediately upon the return of a verdict having no application.

MUNICIPAL CORPORATIONS—USE OF STREETS—COLLISION AT CROSSINGS—MOTORCYCLES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. A motorcyclist, struck by an automobile at a street crossing, is not guilty of contributory negligence as a matter of law in exceeding four miles per hour, in violation of Rem. & Bal. Code, § 5571, limiting the speed at city street crossings "when any person is upon the same," where it appears that he was first at the intersection and there was no other person on the crossing at the time, the automobile being some distance away.

SAME. In such a case, the motorcyclist was not guilty of contributory negligence as a matter of law under Rem. & Bal. Code, § 5572, requiring reasonable and proper speed at all times, when he was traveling twelve or fifteen miles per hour, the city ordinance gave him the right of way, the automobile was exceeding the speed

[1]Reported in 163 Pac. 401.

limit and going 40 miles an hour, and he did not observe the speed of the automobile when he first saw it about 300 feet away; as he had a right to assume that it was traveling within the speed limit.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered February 11, 1916, upon granting a nonsuit, dismissing an action in tort. Reversed.

*Robertson & Miller* and *Edward W. Robertson*, for appellant.

*W. C. Donovan*, for respondents.

MAIN, J.—The purpose of this action was to recover damages for personal injuries, and also damages to a motorcycle. After the issues were framed, the cause came on for trial before the court and a jury. At the conclusion of the plaintiff's evidence, the defendants moved the court to discharge the jury and enter a judgment in their favor. This motion was sustained, and from the judgment subsequently entered dismissing the action, the plaintiff appeals. The facts are these:

On November 26, 1914, Oscar Barth, who brings this action by his guardian *ad litem*, while riding a motorcycle, collided with an automobile driven by Joseph Ambrose Cunningham, and owned by W. J. Harris and wife, and operated in their behalf. The accident took place at the intersection of Hamilton street and Mission avenue, in the city of Spokane, at about two o'clock p. m., on the day mentioned. Hamilton street runs north and south; Mission avenue, east and west. A double street car track runs down the center of Hamilton street. In the center of Mission avenue there is a parkway, or parking strip, on either side of which are driveways used by vehicles. Mission avenue is sixty feet, or more, wide from curb to curb; Hamilton street approximately fifty feet.

On the day of the accident, Oscar Barth was driving his motorcycle south on Hamilton street, maintaining a course between the west street car track and the curb on the west side of the street. When within about ten feet of the north line

of Mission avenue, he looked west and saw the automobile approaching on the south side of Mission avenue, and two or three hundred feet west of the west line of Hamilton street, but did not observe the speed at which it was traveling. At this time, the motorcycle was traveling from twelve to fifteen miles per hour. When he had reached a point opposite the parking strip in the center of Mission avenue, he again looked and saw the automobile approaching at a speed of forty miles per hour. Realizing that he could not cross in advance of the automobile, he released the clutch of the motorcycle, set the brakes, and turned to the left. The automobile did not change its direction, or lessen its speed. The collision occurred near or upon the west street car track. One section of the traffic ordinance of the city of Spokane provides that no vehicle shall travel at a speed faster than fifteen miles an hour when inside the fire limits, nor faster than twenty miles an hour when outside the fire limits. The intersection of Hamilton street and Mission avenue was outside the fire limits, and, therefore, the maximum speed, in accordance with this section of the ordinance (No. C1376, § 18), at that point was twenty miles per hour. Another section of the same ordinance provides that vehicles going in a northerly or southerly direction shall have the right of way, except where traffic officers are stationed. No traffic officers were stationed at the intersection of the streets where the accident occurred.

The respondents open their brief with a motion to dismiss the appeal for the reasons:

"That the judgment of nonsuit was made and entered more than ninety days prior to the filing of a notice of appeal.

"That the notice of appeal is from a second judgment, entered more than ninety days after the original judgment was entered of record.

"That the motion for a new trial was determined and denied more than ninety days prior to the filing of the notice of appeal.

"That there is no sufficient notice of appeal."

The record shows that the motion to discharge the jury and enter a judgment for the respondents was made on the 20th day of October, 1915. At this time, the clerk of the court recorded in his minutes the making of the motion, and the fact that it was granted. On the same day, the appellant moved the court to vacate its decision sustaining the respondents' motion and for a new trial. On February 11, 1916, both an order overruling the motion for a new trial and a judgment dismissing the action were entered. On March 29, 1916, the appeal was taken from this judgment.

The motion to dismiss the appeal is without merit. If it be assumed that the clerk's minute entry was a judgment, which it was not, the appeal was taken within the statutory time after the motion for new trial was overruled. The right of the clerk to enter a judgment must be derived from the statute. Section 431, Rem. Code, provides, when a trial by jury has been had, "judgment shall be entered by the clerk immediately in conformity to the verdict." In this case, the jury returned no verdict, the cause being withdrawn from their consideration by the court. There was no verdict upon which the clerk could enter a judgment, even if he had assumed to do so. In the cases of *Wagner v. Northern Life Ins. Co.*, 70 Wash. 210, 126 Pac. 434, 44 L. R. A. (N. S.) 338, and *Paich v. Northern Pac. R. Co.*, 86 Wash. 379, 150 Pac. 814, there was considered the effect upon a prior judgment of a subsequent judgment entered notwithstanding the verdict of the jury. Those cases have here no application. The appeal was taken from the only judgment entered in the cause, within the time fixed by the statute. The motion to dismiss will therefore be denied.

Upon the merits, the controlling question is whether Oscar Barth was guilty of contributory negligence, as a matter of law, in driving his motorcycle across the intersection of Hamilton street and Mission avenue at a speed greater than four miles per hour, or one mile in fifteen minutes, as stated in the statute. It is not claimed upon the present record that the

respondents were not guilty of negligence. The statute (Rem. & Bal. Code, § 5571) in effect at the time the accident occurred provides that an automobile, or other motor vehicle, shall not be operated "over any crossing or cross-walk within the limits of any city or village, at a rate faster than one mile in fifteen (15) minutes when any person is upon the same." A similar provision appears in § 2531 of the criminal code.

In this case, the motorcycle was first upon the intersection where the accident occurred. The automobile was some distance to the west. There being no other person upon the intersection when the motorcycle entered thereon, the statute limitation of four miles per hour is not applicable. In accordance with the ordinance of the city of Spokane, the speed limit was twenty miles per hour, and the motorcycle had the right of way, because it was traveling upon a north and south street. Had the automobile been going at a speed not greater than twenty miles per hour, as fixed by the ordinance, the motorcycle would have had ample time to have crossed the intersection and passed the south line of Mission avenue before the automobile reached the west line of Hamilton street. There being no one upon the intersection when the motorcycle entered thereon, and that machine being driven at less than the speed required by the ordinance, and having the right of way, contributory negligence, as a matter of law, cannot be predicated upon a speed which exceeded the maximum fixed by either the statute or the ordinance.

Neither can it be said that there was contributory negligence, as a matter of law, under § 5572, Rem. & Bal. Code, in effect at the time of the accident, which provides that no person shall drive an automobile or motor vehicle at a speed "greater than is reasonable and proper, having regard to the traffic and use of the way by others, or so as to endanger the life or limb of any person; . . ." When the driver of the motorcycle first saw the automobile, it was two or three hundred feet west of the intersection, and he was ten feet from the intersection. At this time, he did not observe the

excessive speed of the automobile, and it cannot be said, as a matter of law, that the failure to observe its speed was contributory negligence. Not knowing the speed of the automobile, or being charged with notice of its speed, the driver of the motorcycle had a right to assume that it was not traveling faster than the maximum fixed by the ordinance. *Johnson v. Johnson*, 85 Wash. 18, 147 Pac. 649.

We think the trial court was in error in taking the case from the jury. The judgment will, therefore, be reversed, and the cause remanded with direction to grant a new trial.

ELLIS, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.