[No. 14952.  Department Two.  December 18, 1918.]

NELLO ZUCCONE, *Respondent*, v. MAIN FISH COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS (383)—USE OF STREETS—CONTRIBUTORY NEGLIGENCE. A motorcyclist, approaching a street intersection, at 12 miles an hour, is not guilty of contributory negligence, as a matter of law, in failing to avoid a collision with a motor truck, which was on the wrong side of the street, and first turned to the right as though to cross over, and then suddenly turned to the left without warning into the cross street.

SAME (379, 389)—USE OF STREETS—CROSSINGS AND PASSING—NEGLIGENCE—EVIDENCE—SUFFICIENCY. The jury is warranted in finding negligence on the part of the driver of a motor truck in approaching a street intersection on the left or wrong side of the street, and first swinging to the right as though to cross over, and then suddenly veering to the left to turn at the crossing, and colliding with a motorcyclist who was misled and unable to avoid the collision.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered March 16, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through a collision with a motor truck. Affirmed.

*Benj. S. Ohnick* and *Archie M. Major*, for appellant.

*Jno. W. Arctander* and *U. T. De Martini*, for respondent.

FULLERTON, J.—The plaintiff, while riding a motorcycle upon one of the streets of the city of Seattle, suffered personal injuries and damages to his machine as the result of a collision with a motor truck driven by an employee of the defendant. On a trial before a jury, there was a verdict for plaintiff, upon which judgment was entered. The defendant interposed motions for nonsuit, for judgment notwithstanding

[1]Reported in 177 Pac. 314.

the verdict, and for a new trial. The overruling of these motions and the entry of judgment on the verdict are assigned by the defendant as error.

The evidence of both parties shows that the collision occurred at the intersection of Dearborn street and Seattle Boulevard, the former street running east and west, and the latter crossing it diagonally in a course from northwest to southeast. The evidence on the part of the respondent, which the jury evidently believed, shows that he was riding northwesterly on the right side of the boulevard at a speed of about twelve miles per hour, when he observed the motor truck of the appellant approaching him, proceeding southeast along the same street or boulevard at about the same rate of speed; that both vehicles were on the same side of the street, that of the appellant being on the wrong side, under the city ordinances, by reason of its being upon the left side of the street according to the course pursued by it; that, as the two vehicles were approaching one another face on, the vehicle of the appellant was made to swerve to the right as if to cross over to the right-hand side of the street, which was the proper one for its course; that the driver for appellant, however, after swinging to the right, suddenly veered to the left in order to turn into Dearborn street, and that, at that time, the respondent was so close to the motor truck that he did not have sufficient opportunity to stop his machine and avoid a collision, though he made every effort to do so; that the motorcycle crashed into the truck just behind the forward wheel, and that the respondent was catapulted against the truck, suffering injuries to his chest and shoulders serious enough to require the services of a physician and to disable him from work for a period of eighteen days.

We are satisfied that it does not appear from these facts that there was any negligence, as matter of law, on the part of the respondent; while, on the other hand, the jury were warranted in finding that the driver of the appellant was at fault in being on the wrong side of the street and in veering his truck out of the course in which the respondent was proceeding, and then, without warning, swinging the truck back across the course of the respondent.

The appellant attempts to bring itself within the rule announced by us in *Jahn & Co. v. Paynter,* 99 Wash. 614, 170 Pac. 132, where we held that a motor vehicle first entering upon a street intersection and making a turn therein has the right of way, so as to avoid the charge of negligence against it in case of a collision with another vehicle entering the right of way immediately thereafter. But the instant case is distinguishable from the fact that the appellant was upon the wrong side of the street when it entered the intersection, and from the fact that the automobile driver, by his uncertain course in deviating first to one side and then swinging to the reverse, misled the respondent at a time when it was too late for him to avoid the collision.

The judgment is affirmed.

MAIN, C. J., PARKER, HOLCOMB, and MOUNT, JJ., concur.