[No. 35977. Department Two. March 16, 1962.]

ARTHUR E. DAY *et al.*, *Respondents*, v. LAWRENCE J. FRAZER *et al.*, *Appellants.**

* Reported in 369 P. (2d) 859.

*Karr, Tuttle, Campbell, Koch & Granberg* and *Robert D. Morrow*, for appellants.

*Ralph B. Potts* and *H. Orley Solomon*, for respondents.

HAMILTON, J.—This is an appeal from the trial court's order granting to respondents (hereinafter referred to as plaintiffs) judgment notwithstanding the verdict and a new trial, following a jury verdict favorable to appellants (hereinafter referred to as defendants).

This action is one of two initiated by plaintiffs against defendants (the second being on behalf of plaintiffs' minor children as passengers). It arose out of an accident occurring at a controlled intersection, in Seattle, Washington, where plaintiffs' vehicle, proceeding in a northerly direction on 15th Avenue N. W., struck defendants' approaching vehicle as it was executing a left turn from 15th Avenue N. W. onto West 80th Street.

The issues of defendants' negligence and plaintiffs' contributory negligence (including speed and lookout) were submitted to the jury, along with the right-of-way rules.

The plaintiffs took no exception to any of the instructions.

The jury returned its verdict finding in favor of plaintiffs' cause of action on behalf of the minor children, as passengers (which action has not been appealed), and in favor of defendants as against plaintiff husband and wife. The jury, thus, found plaintiff driver, in the favored vehicle, and defendant driver, in the disfavored vehicle, respectively, negligent.

The plaintiffs, husband and wife, upon their cause of action moved for judgment notwithstanding the verdict and, in the alternative, for a new trial, which the trial court granted, premised upon findings to the effect that: (a) there was no substantial evidence to support a finding of negligence on the part of plaintiffs; (b) the defendants' negligence was the proximate cause of the accident; and/or (c) the verdict in favor of defendants was against the overwhelming weight of the evidence and substantial justice was not done.

Defendants assign error to the trial court's order and to the findings therein.

In reviewing the trial court's action, with reference to the first two findings, this court, like the trial court, is committed to the oft-quoted rule:

"Such a motion involves no element of discretion and will not be granted unless the court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain the verdict. In ruling on a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the party against whom the motion is made, and all material evidence favorable to the contention of the party benefited by the verdict must be taken as true. If there is substantial evidence supporting the verdict of the jury, as distinguished from a mere scintilla of evidence, the verdict must stand. . . ." *Grange v. Finlay*, 58 Wn. (2d) 528, 529, 364 P. (2d) 234.

An examination of the record, in the favorable light required, reveals the defendants' version of the events leading up to, and including, the collision to be, in essence: that the accident occurred on a dark and rainy evening; that 15th Avenue N. W. is a 30 mile per hour, multiple lane, arterial, 70 feet in width; that the intersection of 15th Avenue N. W. and West 80th Street is controlled, and at the time in question the light was green to traffic proceeding north and south; that the defendants, traveling south on the inner lane of 15th Avenue N. W., commenced signaling, by turn signal, their intention to turn left, some 150 to 200 feet north of the intersection; that they were then proceeding at about 15 to 20 miles per hour; that on reaching the intersection defendants stopped momentarily, at which time there was a northbound vehicle (not plaintiffs') stopped opposite them; that the only observed approaching northbound traffic was then some 300 to 400 feet distant; that defendants commenced their left turn, moving at a speed of from 5 to 10 miles per hour, crossed the center line and approximately two northbound lanes of travel, when they were struck broadside by plaintiffs' northbound vehicle; that, immediately prior to the impact, defendant wife observed plaintiffs' vehicle bearing down on them, from a then distance of five or six car lengths, and estimated its speed to be "at least 35" miles per hour, or "fast"; that plaintiff driver did not see defendants' vehicle until he was literally upon it; and, that the force of the impact turned both vehicles around, forced plaintiff wife's head through the windshield, catapulted defendant wife from their car, occasioned $200 to $300 damage to plaintiffs' vehicle, a 1948 Chevrolet, and $600 to $700 damage to defendants' vehicle, a 1956 Chevrolet.

In contrast, plaintiffs' version, in substance, was to the effect that the defendants' vehicle, traveling at an estimated speed of 25 miles per hour, turned suddenly, without signal or warning, into plaintiffs' path.

 That rights of way at such intersections as here involved are qualifiedly relative, and that a favored driver may be guilty of negligence or contributory negligence has

been frequently recognized by this court. One of the later pronouncements to this effect appears in *Robison v. Simard*, 57 Wn. (2d) 850, 851, 360 P. (2d) 153, as follows:

"While the appellant was a favored driver, he was not thereby immunized from his own negligence. A favored driver may assume a disfavored driver will yield the right of way. But this does not justify recklessness by the favored driver. All drivers, including those having the right of way, must exercise ordinary care. Excessive speed, failure to keep a lookout, or failure to stop or to reduce his speed when danger should have been recognized may constitute negligence of the favored driver. [Citing cases.]"

Reference to colloquy between court and counsel, at the conclusion of the evidence, and to the trial judge's post-trial memorandum decision, indicates the trial court's concern over (a) the "split second" estimates of plaintiffs' speed, voiced by the defendant wife, and (b) mathematical computations of speed and distance factors, as such related to the issues of negligence, proximate cause, and the plaintiffs' right of way.

It appears that the trial judge concluded defendant wife's estimate of speed, by the split second nature thereof, was equivocal and unreliable. In addition, he concluded that mathematical calculations, of speed and distance estimates, demonstrated that plaintiff driver did not have sufficient notice of defendant driver's intended encroachment upon plaintiffs' right of way to permit avoidance of the collision. Thus, the trial judge reasoned, defendants' contention of contributory negligence, as such related to speed and lookout, did not have substantial evidentiary support.

The gist of defendant wife's testimony, as it appears in the record, is that plaintiffs' vehicle was approaching "fast", and weak though her estimate of speed in miles per hour, from a distance of five or six car lengths, might be, such would appear to go only to the weight thereof. *Hines v. Foster*, 166 Wash. 165, 6 P. (2d) 597; *Clevenger v. Fonseca*, 55 Wn. (2d) 25, 345 P. (2d) 1098. Supplementary to such testimony as to speed, the trier of the facts would be entitled to consider the nature of the

impact and the results of the collision. *Graham v. Roderick*, 32 Wn. (2d) 427, 202 P. (2d) 253, 6 A. L. R. (2d) 1237.

◼ Likewise, intriguing though mathematical computations of speed, time, and distance factors, based upon estimates of participants to an accident, may be, the trier of the facts is not concluded, or precluded, thereby. *Vercruysse v. Cascade Laundry Co.*, 193 Wash. 184, 74 P. (2d) 920; *Kellerher v. Porter*, 29 Wn. (2d) 650, 189 P. (2d) 223; *Scobba v. Seattle*, 31 Wn. (2d) 685, 198 P. (2d) 805.

As stated by this court in the *Vercruysse* case, *supra*, [p. 192]:

"Neither the appellant's computation nor our own suggested computations establish anything, as a matter of law, but the fact that computations can reasonably be made to arrive at widely different results plainly shows that the distance the laundry truck was up the street when the plaintiffs began their turn was a question for the jury."

◼ It is, accordingly, the conclusion of this court that, upon the record, there exists substantial evidence, justifying submission and the jury's finding, of plaintiff driver's negligence, and the causal relation thereof to the collision. Perforce then, the trial court erred in its findings to the contrary.

The third ground, upon which the trial court premised its order granting a new trial, is that the verdict of the jury was against the overwhelming weight of the evidence, and that substantial justice was not done. It would appear from the trial court's memorandum decision and order that, simply stated, the trial court weighed defendants' evidence and found it wanting.

◼ Assuming, *arguendo*, the trial court's finding, as set out in its order, constitutes a sufficient compliance with Rule of Pleading, Practice and Procedure 59.04W, RCW Vol. 0; a careful review of the record (the trial court's order pointing to nothing outside the record) fails to reveal any compelling distinction between this case and the usual case, wherein two conflicting versions of an accident are presented for the jury's evaluation and determination.

The jury apparently accepted the defendants' version,

in so far as it bore upon the issue of plaintiffs' contributory negligence, and, as stated in *Pritchett v. Seattle*, 53 Wn. (2d) 521, 335 P. (2d) 31, at page 525,

"It is the province of the jury to .weigh the evidence, under proper instructions, and determine the facts, and to believe or disbelieve any witness whose testimony it is called upon to consider; and the finding of the jury, upon substantial, conflicting evidence properly submitted to it, is final. *Rettinger v. Bresnahan*, 42 Wn. (2d) 631, 257 P. (2d) 633."

Since there exists, in the record, substantial evidence in support of the conflicting versions of the respective parties, and such versions were properly submitted to the jury, under instructions to which plaintiffs took no exception, it follows that the trial court exceeded its discretion in setting aside the jury's verdict.

Accordingly, the order granting judgment notwithstanding the verdict and a new trial is reversed, and the cause remanded for entry of judgment in accordance with the verdict of the jury.

Appellants will be entitled to their costs.

HILL, DONWORTH, OTT, and HUNTER, JJ., concur.