[No. 36328.  Department One.  May 16, 1963.]

BRINTON L. HARMON, *Appellant*, v. JOHN H. MERRICK, *et al.*, *Respondents.**

*Reseburg, Duncan & Therriault* (*Glen E. Duncan*, of counsel), for appellant.

*Hullin, Ehrlichman, Carroll & Roberts*, for respondents.

HALE, J.—This is an appeal from a judgment for the defendants arising from a collision on November 13, 1959, between an automobile and a motorcycle in Seattle. The case was tried to the court without a jury.

Appellant Brinton L. Harmon and his friend, Richard Bauer, rode their motorcycles west on East 65th street, an arterial; they stopped for the red light at the intersection of 65th and 20th N.E.; when the light turned green for them, they started out side by side on East 65th, going west.

In the meantime, respondent Amanda D. Merrick was driving her automobile easterly on East 65th toward appel-

* Reported in 381 P. (2d) 614.

lant and his friend. She intended to turn left in a northerly direction on to 18th N.E. She proceeded slowly into the turn, her left-turn signal flashing continuously. By this time, the two motorcycles had reached the immediate area of the intersection. Bauer was then in the lead, and avoided respondents' car by swerving to his left. Appellant struck the left rear fender of the Merrick automobile at a point when the car had nearly completed its turn, but was still occupying a portion of the westbound traffic lane of East 65th street. Appellant was violently thrown from his motorcycle and sustained injuries.

The trial court found respondents guilty of negligence and appellant guilty of concurring contributory negligence, and dismissed the action. Mr. Harmon appeals.

From the conflicting evidence, the trial court found that the appellant was traveling at a speed of 25 to 30 miles per hour and that, in the exercise of reasonable care, he could have stopped his motorcycle within 73½ feet (at a speed of 25 miles per hour) after first observing the car turning in front of him. The trial court further found that, having failed to exercise reasonable and ordinary care in stopping his motorcycle within a reasonable distance, appellant's recovery was barred under the doctrine of contributory negligence.

The trial court's findings and conclusions were based upon differing estimates of the inevitable time, space, and dimensional factors which inhere in the narrative of the accident.

Appellant testified that, when he first saw the Merrick car, it was moving at a speed of 4 or 5 miles per hour with its left-turn signal flashing. He testified he was proceeding toward the intersection on his motorcycle at 25 miles per hour and assumed that the Merrick car would hold up at the intersection to yield him the right of way before proceeding into its turn. He assumed that the west lane of traffic would be kept open to him as is contemplated by the rules of the road. Later, after recess, appellant changed his estimates of the speed involved by increasing the speed of the Merrick car from 7 to 10 miles per hour and decreasing his own speed to 20 miles per hour.

Appellant urges that the court's findings and conclusions contravene the facts as shown by the evidence. He testified that he was one-half block from the intersection when he first saw the Merrick car approaching the intersection, and that he was one-fourth block from the respondents' car when it passed over the center line of East 65th street in its left turn arc; that, if three-fourths of a second reaction time is allowed for appellant within which to apply his brakes, it would have been impossible for him to have stopped his motorcycle to avoid the accident at 20, 25 or 30 miles-per-hour speeds.

Respondents urge that there is evidence to show that the Merrick car was traveling slowly, at 4 or 5 miles per hour, into and through its turn and thus was moving at about 6 feet per second. At the rate of 6 feet per second, according to respondent driver's calculations, she would occupy the west lane of traffic—the lane reserved for traffic moving in appellant's direction—for 5 seconds; that appellant, at 25 miles per hour, moved 185 feet during the 5 seconds, but at such speed, in the exercise of reasonable care, could have completely stopped in 72 feet.

Like negligence, contributory negligence must be proved by a preponderance of the evidence, and the burden rests upon the party asserting it. Appellant here was favored by law and entitled to the right of way. As a favored driver, he had the right to assume respondent driver, the disfavored one, would yield the right of way to him. Nevertheless, he was required to exercise ordinary care and, by failing to do so, he may have been contributorially negligent. *Day v. Frazer*, 59 Wn. (2d) 659, 369 P. (2d) 859.

In the face of the conflicting estimates as to the rates of speed, the distances of the vehicles from point of collision when the parties first observed each other, and the geometric patterns described by the parties in their progress, we think the trial court's findings of fact rest upon a secure foundation. When there is sufficient evidence to support the findings of fact, or the verdict of a jury, neither will be disturbed upon appeal. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn. (2d) 570, 343 P. (2d) 183.

█ Appellant's position, that the record affirmatively shows him to be free from contributory negligence, is based upon mathematical computations applied to the estimates of witnesses as to speed and distance. We have, on several occasions, held that such computations are not controlling. *Day v. Frazer, supra; Vercruysse v. Cascade Laundry Co.,* 193 Wash. 184, 74 P. (2d) 920; *Scobba v. Seattle,* 31 Wn. (2d) 685, 198 P. (2d) 805.

Quite recently, in *Greene v. Rothschild,* 60 Wn. (2d) 508, 374 P. (2d) 566, we said:

"By varying the time and distance estimates slightly one way or the other, very different conclusions could be reached. Such estimates must be cautiously applied."

Here are some of the varying estimates upon which the court made its findings and to which the appellant seeks to apply mathematical computations in overturning them:

Respondents' car moved through an arc at from 3 to 10 miles per hour (one witness estimated 25 to 30 miles per hour); the Merrick car was one or two lengths from the intersection when the appellant first observed it; when respondent driver first observed the oncoming motorcycles, they were three-fourths to one block away; appellant was traveling 20 to 30 miles per hour when he first observed respondents' left-turn signal; when respondents' car crossed the center point of the intersection, appellant was one-fourth to one-half block away; three-fourths of a second reaction time was allowed appellant. This reaction time could have been more or less, thus affecting all of the other estimates.

It is observed from the foregoing estimates that wide differences in results will be obtained by the use of arithmetic if either minimal, maximal, or intermediate factors are used.

When the rule as to mathematical computations as declared in *Greene v. Rothschild, supra,* is related to the varying estimates here, its wisdom is demonstrated. Apply the mathematical formula of space, time and distance to one set of variables and the respondents are demonstrably negligent with no contributory negligence on the part of appel-

lant. Use another set of variables, and appellant becomes negligent with the respondents shown to be free therefrom. Take another set of variables, put them to the mathematical tests, and neither party would be held negligent. Indeed, by selecting the right set of variables and applying the proper arithmetical computations to them, it can be proved mathematically that the vehicles did not collide and that the accident did not happen.

The trial court correctly acted upon sufficient evidence in determining the facts here and correctly made its conclusions of law therefrom.

The judgment is affirmed.

FINLEY, ROSELLINI, and HUNTER, JJ., concur.

HILL, J., concurs in the result.