[No. 39419. Department Two. April 24, 1969.]

Martin Moyer et al., *Appellants*, v. LeRoy Clark et al., *Respondents*.*

*Reported in 454 P.2d 374.

*Eugene D. Zelensky* and *Zelensky, Steere & West,* for appellants.

*Raymond D. Ogden, Jr.* (of *Ogden, Ogden & Murphy*), for respondent Hokanson.

McGOVERN, J.—June 23, 1963, Mildred Moyer, a pedestrian, became the victim of a 2-car automobile collision at Fifth Avenue and Pine Street in Seattle.

Her injury and this litigation were precipitated by the following sequence of events. Defendant Russell V. Hokanson drove his Chevrolet station wagon south along Fifth Avenue and proceeded into the intersection at Pine Street with a favorable green traffic control light. Fifth Avenue is reserved for 1-way traffic southbound and Mr. Hokanson's vehicle was traveling within the extreme right, or westerly

lane, of that avenue. At about the same time, defendant Leroy Clark drove his Pontiac sedan automobile west along Pine Street, through a red traffic control signal, into the same intersection and there collided with the Hokanson automobile at about the middle of the crosscut. Pine Street is reserved for 1-way vehicular traffic westbound and Mr. Clark's vehicle was traveling along the northerly portion of that street.

Defendant Clark's automobile struck the Hokanson vehicle at the left front wheel; the after-end of Clark's car then swung to the right, causing the automobiles to become parallel at which time the Hokanson car was struck again, this time just aft of the left rear door. Debris was found at the scene and Clark's automobile came to a place of rest about 38 feet from that point, facing almost due east. Following the collision, the Hokanson vehicle continued forward at an angle to the right, climbed the curb at the southwest corner of the intersection, struck a light standard positioned there and came to rest. It was then approximately 54 feet from the debris found within the intersection.

At the time of the collision, plaintiff Mrs. Moyer was standing on the sidewalk near the curb where the Hokanson automobile crossed the sidewalk. The car struck her and the injuries she sustained resulted in permanent impairment and disfigurement to her left leg and the amputation of her right leg above the knee.

Plaintiff's cause of action against both defendant Clark and defendant Hokanson was premised on the theory of a violation of the Seattle traffic code, Mr. Clark for failing to yield the right of way and Mr. Hokanson for driving at an unlawful rate of speed. At the close of plaintiff's case in chief, defendant Hokanson moved for an involuntary nonsuit on the basis that his negligence, if any, was not the proximate cause of the accident. The motion was granted and a principal assignment of error relates to the granting of that motion.

■ Whether or not plaintiff had then produced sufficient evidence to withstand the legal onslaught of defendant

Hokanson's motion must be tested in the light of appropriate legal principles. A challenge to the sufficiency of the evidence, a motion for involuntary nonsuit, a motion for a directed verdict, or a motion for judgment notwithstanding the verdict, admits, for the purpose of ruling on the motion, the truth of the nonmoving party's evidence and all reasonable inferences drawn therefrom. The motion requires that all evidence be interpreted in the light most favorable to the party against whom the motion is made and most strongly against the moving party. *Hellriegel v. Tholl*, 69 Wn.2d 97, 417 P.2d 362 (1966); *Lockett v. Goodill*, 71 Wn.2d 654, 430 P.2d 589 (1967); *Smith v. B & I Sales Co.*, 74 Wn.2d 151, 443 P.2d 819 (1968). No element of discretion is vested in the trial court in ruling upon the motion. If there are justifiable inferences from the evidence upon which reasonable minds might reach conclusions that would sustain a verdict, then the question is for the jury, not for the court. The motion may be granted only if it can properly be said as a matter of law that there is no evidence or reasonable inference therefrom to sustain a verdict for the nonmoving party. *Miller v. Payless Drug Stores of Wash., Inc.*, 61 Wn.2d 651, 379 P.2d 932 (1963).

An examination of the evidence produced by plaintiff in support of her thesis that defendant Hokanson was negligent was as follows: that the maximum speed allowed for the area in question was not more than 30 miles per hour;[1] that defendant Hokanson's speed was "somewhere between thirty and thirty-five" miles per hour; that he was going "about thirty-five miles an hour;" that he was going at "an unusual rate of speed for that particular spot;" again, by a different witness, that he, Hokanson, was traveling at "an approximate speed of thirty to thirty-five miles per hour;" that it could "have been five miles an hour above thirty;" that he "was going imprudently fast and I would say thirty miles an hour or better;" that "it would be thirty to thirty-

---

[1] There was substantial argument regarding the maximum speed limit at the place of collision; that argument indicated that it was either 25 miles per hour or 30 miles per hour. There is, however, no indication in the record that the question was resolved.

five or thirty-six. In that general—somewhere;" and that "I estimated it about thirty-five miles per hour."

██ For the purpose of ruling on the motion for an involuntary nonsuit, the foregoing testimony constituted a sufficient showing of negligence per se against defendant Hokanson. A person engaged in the unexcused violation of a positive law at the time of an accident is guilty of negligence as a matter of law. *See Portland-Seattle Auto Freight v. Jones*, 15 Wn.2d 603, 131 P.2d 736 (1942), and cases cited therein. According to the evidence when viewed in the light most favorable to plaintiff, Mr. Hokanson was engaged in an unexcused violation of the speed laws of the city of Seattle. The motion to dismiss should not therefore have been granted.

But negligence standing alone is not sufficient to impose liability on a wrongdoer. The wrongful conduct attributed to him must also constitute a substantial factor in producing the result complained of, *i.e.*, there must have been causation in fact. Defendant Hokanson argues that there was no such causation as a matter of law and that reasonable minds could not conclude otherwise. The trial court adopted his argument. We do not.

██ Generally speaking, the question of whether or not it was the conduct of defendant that caused plaintiff's harm is a question for the jury, not the court. It is a question of fact and a jury is just as able to decide the issue as is any court, no matter how experienced that court may be.

██ Defendant Hokanson argues that the only cause in fact that contributed substantially to his automobile striking the plaintiff occurred when defendant Clark ran the red traffic light and struck the Hokanson vehicle. He argues that his speed had nothing to do with that collision and that therefore he should not be responsible for plaintiff's injuries. Plaintiff, on the other hand, would submit by expert testimony and argues that the angle at which the Hokanson vehicle proceeded after being struck was determined by Mr. Hokanson's speed at the time of impact. He states that if Mr. Hokanson had been traveling at a slower,

or legal, rate of speed, then the angle of deviation which his automobile took after the collision would have been much greater and he would not, therefore, have motored onto the sidewalk. If the jury accepted that postulate and found that Mr. Hokanson was in fact speeding, then it could conclude that his speed was a substantial contributing cause to plaintiff's injuries. It would then attach liability to him. *See* Restatement (Second) of Torts § 433A (1965) where the subject is considered under the title of apportionment of harm to legal causation. It is there said that:

> Where two or more causes combine to produce such a single result, incapable of division on any logical or reasonable basis, and each is a substantial factor in bringing about the harm, the courts have refused to make an arbitrary apportionment for its own sake, and each of the causes is charged with responsibility for the entire harm. The typical case is that of two negligently driven vehicles which collide and kill a bystander. The two drivers have not acted in concert, and the duties which they owe are separate and distinct, and may not be identical in character or scope; but the entire liability of each rests upon the obvious fact that each has caused the single result, and that no rational basis for division can be found.

Also *see Chiles v. Rohl*, 47 S.D. 580, 201 N.W. 154 (1924) for facts and result similar in nature.

We believe that the question of causation in fact was a jury question and should not have been decided by the trial court as a matter of law.

Also assigned as error was the failure of the trial court to permit plaintiff's proffered expert testimony that would tend to substantiate direct evidence relating to the difference in speed of the two automobiles involved. The offer of proof indicated that plaintiff's qualified expert would show the relative speeds of the vehicles by using a mathematical formula based on rate, time and distance factors. To attain his relative speed ratio, the expert stated that he would consider the point of impact, the amount of damage suffered by either or both of the cars, street dimensions, and

automobile locations and weights. His main consideration, however, would be the angle of deviation from a straight line of travel that was taken by the two vehicles after impact. Using those factors and a kinetic energy formula, the qualified expert would then testify that defendant Hokanson's speed was at least twice that of defendant Clark's. The trial court refused to admit the testimony for the stated reasons that: (1) the evidence elicited constituted the ultimate issue in the case as to defendant Hokanson and therefore amounted to an invasion of the province of the jury; (2) the mathematical principles applied by the expert to the facts in evidence did not necessitate expert testimony; and (3) the conclusion was based, at least in part, on an assumption and not on evidence produced in the cause. We agree with the trial court for the third stated reason.

Decisions of this court indicate that we favor what appears to be the majority rule in our country, *i.e.*, expert opinion testimony by a traffic accident analyst on accident reconstruction is admissible as an aid to the jury. That subject was considered and reported on in detail in *Gerberg v. Crosby*, 52 Wn.2d 792, 329 P.2d 184 (1958), where Justice Finley pointed out that it has long been recognized that a qualified expert is competent to express such an opinion even though that opinion constitutes the ultimate fact for the jury.

In *Gerard v. Peasley*, 66 Wn.2d 449, 403 P.2d 45 (1965), we adhered to the rule. We also reiterated, however, that the expert testimony should be submitted to the jury with the cautioning instruction that the jury is not bound by such opinion and should give it only such weight as it, the jury, feels it is entitled to receive.

We are of the view that a mathematical conclusion to be derived from known angles of automobile travel after impact is not a skill possessed by the ordinary person. Such testimony would therefore have been of appreciable help to the jury in this cause. If otherwise qualified, the testimony would have been admissible on that basis. *Knight v. Bor-*

*gan*, 52 Wn.2d 219, 324 P.2d 797 (1958). Also *see* 7 J. Wigmore, *Evidence* § 1923 (3d ed. 1940).

Nor was the answer elicited from the expert the ultimate fact to be decided by the jury. His answer was to be of a comparative nature. It was his stated purpose to testify only as to the relative speed of the two automobiles, not to the rate of speed of either.

■ His answer would, however, be based on an improper foundation. Admittedly his computations necessitated knowledge of the weights of the vehicles involved, including information about passenger and other significant load factors attributable to each automobile. The expert admitted on cross-examination that he had no knowledge of the weight factors involved and therefore merely assumed them to be equal. For that reason the trial court correctly sustained the objection to the testimony.

And, finally, plaintiff contends that the $43,000 jury verdict returned against defendant Clark is grossly inadequate, indicating that it must have been the result of passion or prejudice. The trial court sustained the verdict and we concur. The amount returned was well within the evidence produced and there is no indication that the trial court abused its discretion in sustaining the award.

The order appealed from is reversed and the case is remanded with instructions to reinstate the cause of action against defendants Hokanson and for further proceedings consistent with the views expressed herein.

HUNTER, C. J., HILL and FINLEY, JJ., and OTT, J. Pro Tem., concur.