[No. 2443-1.    Division One.    March 3, 1975.]

DAVID W. HARRIS, *as Guardian, Appellant,* v. JOHN C. BURNETT *et al., Respondents.*

834

Gale P. Hilyer, Jr., for appellant.

Murray, Dunham & Waitt and Wayne Murray, for respondents.

CALLOW, J.—Dale R. Johnson, the plaintiff, appeals from a jury verdict in favor of the defendant, John C. Burnett, in a personal injury suit. He assigns as error the failure of the trial court to direct a verdict in his favor, and he challenges an instruction given by the trial court as well as the failure of the trial court to give a proposed instruction. The plaintiff claims there is no evidence of any negligence on his part and no basis upon which the defendant can assert that he exercised due care.

It was a clear, sunny afternoon on October 15, 1970, when the plaintiff's motorcycle collided with the defendant's automobile at the intersection of South 182nd Street and 44th Avenue South. The defendant was traveling west on South 182nd Street and was turning south onto 44th Avenue South when the plaintiff, who was coming from the opposite direction traveling east on South 182nd Street, struck the front of the defendant's automobile with his motorcycle. The intersection of South 182nd Street and 44th Avenue South is a right angle intersection at the bottom of a shallow bowl with South 182nd Street rising uphill to the west to a crest approximately 350 feet from the intersection. It is over this crest that the plaintiff rode on his motorcycle. Witnesses at the trial testified that the defendant's car was turning at a speed between 5 and 10 m.p.h. The plaintiff admitted at trial that he was traveling from 30 to 45 m.p.h. in a 25 m.p.h. zone. He further testified that he saw the defendant's car before the collision and that as he came down the hill there were from 10 to 15

school children strung out on the roadway on the west side of the intersection which caused him to swerve around them and cross the centerline of South 182nd Street just before coming to the intersection. It was also his testimony that he did not see the defendant's car making its left-hand turn. The defendant testified that his vision was obscured by the school children on the roadway, and he saw the plaintiff's motorcycle only momentarily before it hit the right front of his automobile. The impact occurred in the southern part of the intersection or immediately south of the southern lane of South 182nd Street in 44th Avenue South.

### The Evidence Precluded A Directed Verdict

The evidence was sufficient to support a finding by the jury that the plaintiff was contributorially negligent. Contributory negligence is an issue for the jury to determine from all the facts if substantial evidence has been admitted which would support any interpretation leading to a reasonable conclusion that the plaintiff was negligent. A jury question arises unless the evidence is such that all reasonable minds would agree that the plaintiff had exercised the care a prudent person would have exercised under the circumstances. *Shasky v. Burden*, 78 Wn.2d 193, 470 P.2d 544 (1970); *Poston v. Mathers*, 77 Wn.2d 329, 462 P.2d 222 (1969); *Bauman v. Complita*, 66 Wn.2d 496, 403 P.2d 347 (1965); *Stevens v. State*, 4 Wn. App. 814, 484 P.2d 467 (1971). The plaintiff's motion challenged the sufficiency of the evidence to establish the defense of contributory negligence and also asserted that the evidence determined the negligence of the defendant as a matter of law. In such a situation, unless the evidence when interpreted most strongly against the plaintiff and most favorably for the defendant establishes negligence on the part of the defendant and an absence of negligence on the part of the plaintiff, the motion must be denied. *Moyer v. Clark*, 75 Wn.2d 800, 454 P.2d 374 (1969); *Pollard v. Wittman*, 28 Wn.2d 367, 183 P.2d 175 (1947).

█ The nature of intersection collisions makes timing an all pervasive element to be evaluated by the jury when the circumstances leave the imposition of fault open to question. The interaction between two vehicles involves location, direction, movement, conditions, obstructions, actions, observations and numerous other influences that may have brought about a crash course rather than safe passage. These matters must be assessed by the jury unless the evidence permits no inference of negligence on the part of one party or on the part of the other. The conduct of the favored or the disfavored driver is subject to jury scrutiny if substantial evidence exists of negligence on the part of either. When approaching an intersection, a favored driver has the right to assume that the disfavored driver will yield the right-of-way to him. Nevertheless, he must exercise ordinary care in his own actions, he may not ignore oncoming traffic and he must keep a lookout for his own safety. If he does not do so, he may be contributorially negligent. *Harmon v. Merrick*, 62 Wn.2d 171, 381 P.2d 614 (1963); *Day v. Frazer*, 59 Wn.2d 659, 369 P.2d 859 (1962); *Jones v. Widing*, 7 Wn. App. 390, 499 P.2d 209 (1972).

## EVIDENCE OF SPEED

It is for the jury to decide whether the driver of a vehicle was exceeding the speed limit or exceeding a reasonable speed under the circumstances and whether such excessive speed constituted negligence. In addition to the admission by the plaintiff that he was exceeding the speed limit, a number of witnesses also testified that he was traveling in excess of the speed limit at the intersection. Further, the investigating state trooper testified that the safe speed at the intersection was 20 m.p.h. rather than the maximum speed limit of 25 m.p.h. RCW 46.61.400; *Robison v. Simard*, 57 Wn.2d 850, 360 P.2d 153 (1961).

█ When there is conflicting evidence as to the proper speed on an approach to an intersection, it is for the jury to decide (a) what was a reasonable speed under all of the circumstances, (b) was that speed exceeded by the approaching driver, and (c) if so, was the speed a proxi-

mate cause of the accident. *Bohnsack v. Kirkham*, 72 Wn.2d 183, 432 P.2d 554 (1967); *Thompson v. Seattle*, 42 Wn.2d 53, 253 P.2d 625 (1953). The operator of a motor vehicle is required to drive at a speed that allows him to observe the roadway ahead and be able to take appropriate action in the event that hazards appear in his path. *James v. Edwards*, 68 Wn.2d 194, 412 P.2d 123 (1966). Whether a person has driven at a reasonable speed under the existing circumstances and conditions is for the jury. *Wolff v. Coast Engine Prods., Inc.*, 72 Wn.2d 226, 432 P.2d 562 (1967); *Ashley v. Ensley*, 44 Wn.2d 74, 265 P.2d 829 (1954); *Pancoast v. McLean*, 6 Wn. App. 592, 494 P.2d 1374 (1972). In addition, where two vehicles have simultaneously approached an intersection, the jury has the duty of deciding whether the disfavored driver was deceived by excess speed on the part of the favored driver or the favored driver's operation of his vehicle. A favored driver's violation of the speed limit, standing alone, is not sufficient to establish deception of the disfavored driver. *Chavers v. Ohad*, 59 Wn.2d 646, 369 P.2d 831 (1962). *See also Zuccone v. Main Fish Co.*, 104 Wash. 441, 177 P. 314 (1918); *Barth v. Harris*, 95 Wash. 166, 163 P. 401 (1917). The testimony presented in this case permitted the conclusion that the plaintiff was driving at an unsafe speed when he came over the crest of the hill and approached the intersection on a roadway partially cluttered with pedestrians.

### PROXIMATE CAUSE

An act or happening is a proximate cause of an injury when it has been a factor in bringing about in a direct sequence an unfortunate result, and the result would not have happened unless the act had been committed or the happening taken place. *King v. Seattle*, 84 Wn.2d 239, 525 P.2d 228 (1974); *Rose v. Nevitt*, 56 Wn.2d 882, 355 P.2d 776 (1960); *Blasick v. Yakima*, 45 Wn.2d 309, 274 P.2d 122 (1954).

The plaintiff asserts that his speed could not have been a proximate cause of the collision, claiming that he had only a few seconds to react to avoid the left-turning defendant.

This assertion fails to acknowledge that the evidence could also be interpreted to support the defendant's position. As noted in *Fovargue v. Ramseyer*, 73 Wn.2d 574, 439 P.2d 966 (1968), it is error to direct a verdict for an oncoming favored driver because the disfavored driver did not yield if the testimony would support a jury finding that the favored driver was not in sight when the left turn of the disfavored driver was commenced. The speed with which oncoming traffic crosses the crest of the hill has much to do with the time that a disfavored driver has to observe and avoid the oncoming car. Whether this speed of the favored driver was such as to either bring the favored driver so suddenly upon the scene as to surprise the disfavored driver or impair his own ability to avoid the collision is a jury question. When the plaintiff admitted exceeding the speed limit, it became a jury question as to whether that negligence per se was a proximate cause of the accident under the circumstances. The evidence was susceptible to the interpretation that the plaintiff's speed (a) kept the defendant from seeing his approach, or (b) limited the opportunity of the plaintiff to see the turning defendant, or (c) caused the plaintiff to swerve around the school children thereby lessening his control of his vehicle, or (d) placed the plaintiff in a position where he could not give way to the disfavored driver who was already into his turn when he saw him. Certainly there was substantial evidence on which the jury could find that the speed of the plaintiff was a proximate cause of the collision. *Ward v. Zeugner*, 64 Wn.2d 570, 392 P.2d 811 (1964); *Kilde v. Sorwak*, 1 Wn. App. 742, 463 P.2d 265 (1970). In *Fovargue* on page 582, we find:

> the defendant's testimony would support jury findings that the plaintiff was not in sight when the defendant looked (from a proper vantage point at the entrance to the intersection); that the defendant proceeded into the intersection in a prudent and careful manner; that he stopped as soon as he became aware of the plaintiff's approach; and that, had the plaintiff been proceeding at a legal rate of speed, he would have been able to avoid the collision with the defendant's stopped automobile.

Whether excessive speed was a proximate cause of an accident is a question for the jury and is not to be resolved by the trial court. *Moyer v. Clark*, 75 Wn.2d 800, 454 P.2d 374 (1969).

Running through the decisions on the granting of a directed verdict to one of the parties to an intersection collision is the recognition that unless the evidence can only be interpreted as showing negligence on the part of the non-moving party and an absence of negligence on the part of the moving party, such a motion should be denied. The trial court properly left the evaluation of the actions of the parties to the jury.

### INSTRUCTION ON SPEED AS PROXIMATE CAUSE

The plaintiff claims that the trial court erred in not giving his proposed instruction which read:

> You are instructed that the speed of an automobile in excess of that permitted by the statute is not a proximate cause of a collision when the vehicle of the one charged with excessive speed was where it was entitled to be and the driver would not have had sufficient time to avoid the collision had he been driving at a lawful speed.

Similar instructions have been held to be appropriate when there is evidence in support thereof, and the instruction is necessary for the proponent to argue his theory of the case. *Bailey v. Carver*, 51 Wn.2d 416, 319 P.2d 821 (1957); *Braden v. Rees*, 5 Wn. App. 106, 485 P.2d 995 (1971).

The trial court included the subject of speed as a proximate cause of an accident in the instructions given.[1]

---

[1] "The defendant has the burden of proving both of the following propositions:

"First, that the plaintiff acted, or failed to act, in one of the ways claimed by the defendant and that in so acting, or failing to act, the plaintiff was negligent;

"Second, that the negligence of the plaintiff was a proximate cause of plaintiff's own injuries and was therefore contributory negligence." (Instruction No. 4)

"The term 'proximate cause' means a cause which in a direct sequence, unbroken by any new independent cause, produces the injury complained of and without which such injury would not have happened." (Instruction No. 5)

"A statute provides that no person shall drive a vehicle at a speed

In *Allen v. Mattoon*, 8 Wn. App. 220, 504 P.2d 316 (1972), the refusal of the same instruction was upheld with the court stating that the instruction was not required because the other instructions given by the court covered the subject and permitted the proposer of the refused instruction to argue his theory of the case. As in *Allen v. Mattoon*, it is true that the evidence differs in the instant case from *Bailey v. Carver* and *Braden v. Rees* in that neither of the fact patterns in those cases involved a left turn against oncoming traffic. Further in this case, the trial court could refuse the instruction because the evidence did not support telling the jury that "the driver would not have had sufficient time to avoid the collision had he been driving at a lawful speed"; but indicated that had he been driving at a lawful speed, he would have been able to avoid the collision. The plaintiff could argue his theory of the case under the instructions given and to have given the proposed instruction would have commented on the evidence under the circumstances. The refusal of the instruction was proper.

INSTRUCTION ON DUTY TO SEE

The plaintiff challenges the court's instruction which read:

You are instructed that when a favored vehicle is within view to the right of the disfavored vehicle, it will be conclusively held that the disfavored driver actually saw what he could have seen if he had performed the duty of looking.

greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, and speed shall be so controlled as may be necessary to avoid colliding with others who are complying with the law and using reasonable care.

"The maximum statutory speed limit at the place here involved was 25 miles per hour.

"The statute provides that a driver shall drive at an appropriate reduced speed when approaching and crossing an intersection when special hazard exists with respect to pedestrians." (Instruction No. 8)

"The violation, if you find any, of a statute is negligence as a matter of law. Such negligence has the same effect as any other act of negligence. Therefore, it will not render a defendant liable for damages or bar recovery on the part of a plaintiff claiming injury or damage unless you further find that it was a proximate cause of the claimed injury or damage." (Instruction No. 14)

However, if the disfavored driver looks to his right from a proper place and cannot see the favored vehicle because it is hidden by a condition in the street, he has discharged his duty of using due care and is not guilty of negligence as a matter of law in proceeding into the intersection.

The plaintiff states that the instruction would be appropriate in a situation where the terrain was such that the vision of the disfavored driver was partly blocked and concedes that the instruction was correct as an abstract principle of law.

The objection of the plaintiff to the instruction as stated to the trial judge was as follows:[2]

That is a correct statement, except that in this particular case there is not a condition in the street that obstructs the street, and that condition in the street language does not refer to transitory conditions of other vehicles or users of the street. It is referring to some permanent type of obstruction from which it is not possible to take any different or better view.

The plaintiff's objection claims the "condition in the street" that obstructed the view of the disfavored driver was not a permanent obstruction to the observation of oncoming traffic but a transitory blockage of view by the children on the road, and the instruction would only be proper when the obstruction to view was a permanent condition. However, the evidence presented two factual issues: (1) whether the pedestrians hid the plaintiff from the defendant or (b) the hill blocked the plaintiff from view. The instruction could have been understood to pertain to the

---

[2]No objection was made to those words of the instruction, which properly apply to the duty of a disfavored driver to yield the right-of-way to a favored driver approaching from his right, but which are inappropriate under evidence where the oncoming favored driver is in front of the disfavored driver. The instruction should have stated that (1) a disfavored driver intending to make a left turn at an intersection is held to have seen what he could have seen had he looked ahead, and (2) he is negligent as a matter of law if he did not do so unless (a) he discharged his duty of due care by looking from a proper place but (b) his view of an oncoming favored driver was blocked by an obstruction in the road.

evidence that the view of the disfavored driver was blocked by the permanent obstruction of the hill. The instruction was, therefore, correct insofar as it went.

■ The primary duty of avoiding an accident rests upon the driver who proposes to make a left turn at an intersection in the face of oncoming traffic. The "clear stretch of the road" doctrine is based on the requirement that a disfavored driver proceed to make a left turn in front of oncoming traffic only when he has observed all that is to be seen from a prudent point of observation, no oncoming traffic is to be seen which will threaten his passage by a fair margin of safety, and no change in the obstruction of his view can be anticipated. If an approaching favored vehicle is beyond the visibility of a disfavored driver when he commences and is committed to his left-hand turn, then the disfavored driver has discharged his duty of due care by doing everything that reasonably could be expected to be done to avoïd a collision. *Tobias v. Rainwater*, 71 Wn.2d 845, 431 P.2d 156 (1967); *Ward v. Zeugner*, 64 Wn.2d 570, 392 P.2d 811 (1964); *Roberts v. Leahy*, 35 Wn.2d 648, 214 P.2d 673 (1950); *Shultes v. Halpin*, 33 Wn.2d 294, 205 P.2d 1201 (1949); *Vercruysse v. Cascade Laundry Co.*, 193 Wash. 184, 74 P.2d 920 (1938). However, if the obstruction that blocks the view of the disfavored driver is one that reasonably can be expected to move, such as another occupied vehicle or road repair machinery, then the disfavored driver must permit the impairment to his view to move on so he can see the stretch of the road from which a favored driver might be approaching. *See also Bohnsack v. Kirkham*, 72 Wn.2d 183, 432 P.2d 554 (1967); *Axness v. Edwards*, 9 Wn. App. 780, 515 P.2d 174 (1973); *Chapman v. Claxton*, 6 Wn. App. 852, 497 P.2d 192 (1972). These principles could have been better expressed to the jury, and the instruction could have more clearly delineated the factual alternatives present under the evidence. The instruction did not preclude the plaintiff from arguing his theory of the case, however, and did set forth generally the duties of the disfavored driver.

■ Objections to instructions must state distinctly the matter to which a party objects, the grounds of objection, and must inform the trial judge of the points of law involved. CR 51(f); *Kjellman v. Richards*, 82 Wn.2d 766, 514 P.2d 134 (1973). The objection made informed the trial judge of the plaintiff's concern but did not explain how the instruction would be erroneous unless it was clarified to apply with specificity to the factual alternatives present under the evidence. When an instruction to be given by the trial court is a correct statement of the law but is objected to as too broad or as insufficiently specific under the evidence, the objecting party must propose a proper instruction on the subject. Reversible error is not present unless the preferable instruction has been submitted and has been refused. *Heitfeld v. Benevolent & Protective Order of Keglers*, 36 Wn.2d 685, 220 P.2d 655, 18 A.L.R.2d 983 (1950); *White v. Burke*, 31 Wn.2d 573, 197 P.2d 1008 (1948). The instruction given permitted the plaintiff to argue his theory of the case, it was a correct general statement of the law, and the plaintiff did not propose a preferable clarifying instruction on the subject which was rejected.

The judgment is affirmed.

FARRIS and ANDERSEN, JJ., concur.