[No. 34439.   Department Two.   April 24, 1958.]

DEARI LIDEL, *Respondent*, v. ROOSEVELT I. KELLY *et al.*, *Appellants.*[1]

*Allerdice, Pitt & Sivula*, for appellants.

*Walthew, Warner & Keefe*, for respondent.

FOSTER, J.—In this automobile accident case, the jury found for the defendants, but the trial court granted plaintiff's motion for a new trial based solely on the failure to give plaintiff's requested instruction on the following-car doctrine. The defendants appeal from the order granting a new trial.

The statute[2] declares that vehicles shall not follow other vehicles more closely than is reasonable or prudent. The

---

[2]"It shall be unlawful for the operator of a motor vehicle to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway. . . . *Provided,* That this shall not be construed to prevent overtaking and passing . . . ." RCW 46.60.080.

[1]Reported in 324 P. (2d) 817.

omitted requested instruction so states.[3] Appellants contend the omission of this instruction was not erroneous, because in another instruction[4] the court did advise the jury that the primary duty of avoiding an accident rests upon the driver of the car following.

■ Of course, each party is entitled to have the jury instructed upon his theory of the case if such theory is called into play by substantial evidence. *DeKoning v. Williams,* 47 Wn. (2d) 139, 286 P. (2d) 694. The presence or absence of evidence that appellants were following the forward car too closely is decisive.

The trial judge was of the opinion there was such evidence, and the record shows this to be so. The accident happened in Seattle, Washington, October 11, 1955, at about seven-thirty o'clock in the evening, on 28th avenue, at a point about one and one half blocks south of east Union. Twenty-Eighth avenue extends north and south, and it is intersected at right angles by east Union street. The car ahead, in which respondent was a passenger, turned south on 28th avenue at east Union street. Appellants' car, which was traveling south on 28th avenue, was stopped at the north side of the 28th avenue and Union street intersection waiting for the car in which respondent was riding to turn south on 28th avenue and clear the intersection. As soon as the intersection was cleared, appellants' car proceeded to cross Union street and continue south on 28th avenue in the same direction but behind the car in which respondent was a passenger. The driver of respondent's car desired to turn left into a private driveway on the east side of 28th avenue, and indicated that intention by the car's signal device. Appellants' car left skid marks of thirty feet on the pavement.

[3]"The laws of the State of Washington provide:
" 'It shall be unlawful for the operator of a motor vehicle to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway.' " Respondent's requested instruction No. 9.

[4]"You are instructed that where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver." Instruction No. 12.

From this, respondent contends, the fair inference is that the appellants' car was traveling at a dangerous rate of speed. Appellants' car struck the left side of the rear of the car in which respondent was a passenger.

It is but fair to say, however, that appellants' evidence was that he was traveling at a moderate speed under the circumstances, that he kept a safe distance behind the vehicle ahead, and that the driver of the car ahead made no signal to turn. That, however, was a dispute solely within the jury's province to resolve.

■ On this state of the evidence, respondent was entitled to an instruction upon the following-car doctrine. The court did not err in granting a new trial upon that ground.

Affirmed.

HILL, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.