[No. 37159.   Department Two.   June 4, 1964.]

WESLEY J. WARD, *Appellant*, v. JOHN C. ZEUGNER *et al., Respondents.*\*

*Henry Arnold Peterson* (of *Peterson & Peterson*), for appellant.

*John B. Troup* (of *Troup & Christnacht*), for respondents.

HAMILTON, J.—Plaintiff, the favored driver under the provisions of RCW 46.60.160, initiated this action to recover damages arising out of an intersection collision with defendants' vehicle. Defendants counterclaimed. From a verdict denying recovery to both parties, plaintiff appeals.

The accident occurred at 3 p.m. on January 14, 1963, at the intersection of Alder Street and North 24th Street in Tacoma, Washington; Alder Street being a north-south, 30 mile an hour arterial, 48 feet in width. Plaintiff was proceeding north and defendants' vehicle, driven by defendant wife, was traveling south on Alder Street. The day was clear and visibility of the respective drivers was unobstructed. Approximately 120 feet from the south side of the intersection, plaintiff stopped at the curb to let a passenger out. Defendants' vehicle was then approaching the intersection in its appropriate lane of travel. Plaintiff left the curb and proceeded north into the intersection. Defendants' vehicle commenced a left turn across the north bound lane of Alder Street into North 24th Street. Plaintiff collided with defendants' vehicle in the north bound lane of the intersection, forcing it into the northeasterly corner thereof. Substantial damage was inflicted to both vehicles.

Plaintiff testified he vaguely saw defendants' vehicle as it was coming down Alder Street and did not thereafter observe it until an instant before the collision. Defendant driver testified she looked but did not see plaintiff's vehicle

until the moment of impact. Defendants' son, a passenger in defendants' vehicle, testified he saw plaintiff's vehicle approaching as his mother started the left turn.

The trial court submitted the issues of negligence and contributory negligence, on the part of the respective drivers, to the jury.

On appeal, plaintiff, in essence, assigns error to (a) submission of the issue of defendants' negligence; (b) instructing on the duty of plaintiff to signal before departure from his curb stop; (c) failure to instruct that plaintiff had the right to assume that oncoming traffic would obey traffic rules; and (d) awarding costs to defendants.

Plaintiff's contention that the trial court erred in failing to hold defendant driver guilty of negligence as a matter of law is well taken.

The duties of defendant driver, in executing a left turn at the intersection in question, are defined and controlled by RCW 46.60.160,[1] and the right-of-way rules originally laid down in *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533; *Shultes v. Halpin,* 33 Wn. (2d) 294, 205 P. (2d) 1201.

In *Zorich v. Billingsley,* 52 Wn. (2d) 138, 142, 324 P. (2d) 255, we said of the right-of-way rules:

"The fact that two cars collide within an intersection establishes that they were simultaneously approaching a given point within the intersection, within the meaning of the statute; and the disfavored driver may not escape liability for his failure to yield the right of way unless he proves that, as a reasonably prudent driver, he was deceived by the wrongful operation of the vehicle on his right. . . ."

And, in *Mondor v. Rhoades,* 63 Wn. (2d) 159, 167, 385 P. (2d) 722, we reserved the application of the deception theory to:

---

[1]"It shall be the duty of any operator of any vehicle upon entering an intersection and having signaled his intention as required by law to turn such vehicle to the left to look out for and give right of way to vehicles approaching in the opposite direction and thereby placed on his right, simultaneously approaching the given point within the intersection, whether such vehicle first enter and reach the intersection or not." RCW 46.60.160.

" . . . the case where the driver on the left is able to demonstrate that the favored driver so wrongfully and negligently operated his car as to create a deception tantamount to an entrapment, . . ."

In the instant case, it is defendants' contention, and the theory upon which the trial court submitted the issue of defendants' negligence to the jury, that the plaintiff's action in stopping at the curb to permit a passenger to alight entrapped defendant driver into believing that the street was clear of oncoming traffic and it was safe to execute a left turn. In support of this contention, defendants cite *Bockstruck v. Jones*, 60 Wn. (2d) 679, 682, 374 P. (2d) 996, wherein we stated:

" . . . A disfavored driver, *who properly looks* to the right, can be deceived by a clear stretch of road as well as by the deceptive manner in which a favored driver operates his vehicle. . . ." (Italics ours.)

■ We have no serious quarrel with the principle announced in the *Bockstruck* case; however, it must be recognized that it is of limited application—its applicability being confined and restricted to those situations wherein it is demonstrated by the evidence presented that the disfavored driver, consistent with the primary duty of caution resting upon him, and consistent with the physical surroundings, carefully looked from a point of appreciable observation and could not see a negligently operated favored vehicle because of a physical obstruction upon or about the roadway. Entrapment of the disfavored driver is thus predicated upon two circumstances: (a) The favored driver's negligent operation, and (b) the concealment thereof from prudent view by an obstruction. See *Roberts v. Leahy*, 35 Wn. (2d) 648, 214 P. (2d) 673.

Such is not the situation in the instant case for (a) the view south on Alder Street as defendants' vehicle approached the intersection was clear and unobstructed; (b) the plaintiff's vehicle prior to the collision necessarily traveled 120 feet or more north on Alder Street from the point at which it had stopped; and (c) defendant driver neither testified nor claimed she saw plaintiff's vehicle, either

stopped or moving, at any time prior to the instant before impact.

The conclusion is inescapable that defendant driver did not maintain the lookout required of one about to execute a left turn upon an arterial. Defendants' claim of entrapment must fall to the oft-repeated statement that a disfavored driver cannot be deceived by that which such driver does not see.

Defendants' counterclaim upon plaintiff's motion for directed verdict should have been dismissed, and the jury instructed that defendant driver was guilty of negligence as a matter of law.

Plaintiff's second assignment of error challenges the propriety of an instruction advising the jury, in effect, that plaintiff could be found contributorially negligent for failing to signal his departure from the passenger stop at the curb of Alder Street, in accordance with RCW 46.60.200.[2] The evidence is undisputed that plaintiff did not give any signal, as required by the statute, of his intention to leave his stopped position at the curb. Likewise, the evidence is clear that neither defendant driver, nor the passenger in defendants' vehicle, saw plaintiff's vehicle, either stopped or moving, until the moment before the collision.

█ Even though plaintiff violated the statute and was thereby guilty of negligence per se, such does not bar plaintiff's recovery or warrant submitting such violation to the jury, unless there be substantial evidence, as distinguished from a mere scintilla, that the violation proximately contributed to causing the accident. *Bernard v. Portland Seattle Auto Freight*, 11 Wn. (2d) 17, 118 P. (2d) 167; *Currie v. Union Oil Co. of California*, 49 Wn. (2d) 898, 307 P. (2d) 1056. And, where the facts are undisputed and the infer-

---

[2]"No person shall start a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety: *Provided,* That no person shall start a vehicle, which is stopped, standing or parked at the curb or on the shoulder of a public highway without first giving an appropriate signal showing his intention to drive the vehicle onto the traveled portion of the public highway." RCW 46.60.200.

ences therefrom are plain and not subject to reasonable doubt or difference of opinion, the question of proximate cause becomes a question of law, rather than a question of fact. *Cook v. Seidenverg*, 36 Wn. (2d) 256, 217 P. (2d) 799.

█ Since it is admitted that defendant driver and passenger, with a clear and unobstructed view, did not see plaintiff's vehicle either stopping, stopped, or moving from the curb in question, it is wholly conjectural that either the driver or passenger would have observed any signal. Absent such observation, or a reasonable evidentiary hypothesis upon which to predicate a likelihood of observation, causal relationship between plaintiff's failure to signal and the collision is absent. The deficiency cannot be evidentially supplied by simply adding together the fact of plaintiff's failure to signal and the fact of defendant driver's inattentiveness. The trial court erred in submitting the challenged instruction.

█ By his third assignment of error, plaintiff complains of the trial court's refusal to submit a proposed instruction to the effect that he had the right to assume that defendant driver would obey the law and yield the right of way until he knew, or in the exercise of care should have known, to the contrary. This theory was not otherwise covered in the instructions given. Plaintiff was entitled to such an instruction. *Kelsey v. Pollock*, 59 Wn. (2d) 796, 370 P. (2d) 598.

The judgment and the order denying new trial are reversed, and the cause remanded for a new trial limited to the issues of plaintiff's contributory negligence and damages. Because of this disposition, we do not reach plaintiff's fourth contention.

Costs will abide the result of the new trial.

OTT, C. J., DONWORTH and FINLEY, JJ., and LANGENBACH, J. Pro Tem., concur.