[No. 38249.    Department One.    January 26, 1967.]

LORETTA F. HARRIS *et al., Respondents,* v. MIKE F. FIORE *et al., Appellants.**

*Frank H. Roberts, Jr.,* for appellants.

*Schroeter, Farris, Bangs & Horowitz,* by *Leonard W. Schroeter,* for respondents.

*Reported in 423 P.2d 63.

OTT, J.—At approximately 5:45 p.m. on January 23, 1962, it was "dark and very misty" at the approach to Aurora Avenue from North 49th Street in Seattle. Aurora Avenue is an arterial 6-lane highway. The traffic lanes are divided into three northbound and three southbound lanes. Drivers approaching Aurora Avenue from the east on North 49th Street must turn right on to Aurora Avenue.

Mike F. Fiore had stopped at the stop sign on North 49th Street before entering the northbound curb lane and waited until the traffic in the curb lane had cleared. Seeing no signal light from any vehicles in the second or third lane indicating an intention to enter the curb lane, he drove onto Aurora Avenue. His automobile had traveled two or three car lengths from the entrance to Aurora Avenue when it was struck on the left side by the automobile being driven by Loretta F. Harris, who was attempting to change lanes from the center to the curb lane.

Loretta Harris and her husband commenced this action against Mike F. Fiore and his wife to recover damages resulting from the accident, contending at the trial that Loretta Harris had signaled her intention to change lanes and that Mr. Fiore was negligent in failing to yield the right of way. Mr. Fiore denied he was negligent and asserted that Mrs. Harris was negligent in failing to signal her intention to change lanes from the center to the curb lane.

The jury returned a verdict for the defendants Fiore. Plaintiffs moved for a new trial contending that the trial court erred in instructing the jury on the law relating to contributory negligence and deception. The trial court held it had erred in this regard and granted plaintiffs' motion for a new trial. From this order granting a new trial, defendants have appealed.

Did the trial court err in instructing the jury on the issue of contributory negligence? RCW 46.60.070 (repealed in 1965) provided in part:

(1) Every vehicle shall be operated as nearly as practical entirely within a single lane and shall not be moved

from such lane until the operator thereof has first ascertained that such movement can be made with safety;
. . . .

RCW 46.60.120 (repealed in 1965) provided in part:

(b) A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning or during a period of time not less than that time required to traverse a distance in feet equal to five times the maximum speed in miles per hour allowed by law during the approach to the point of turning or stopping.

These statutory enactments require that one traveling upon a multiple-lane arterial highway must timely indicate an intention to change lanes. When a driver violates a statutory mandate, such violation is negligence per se. *Daley v. Stephens,* 64 Wn.2d 806, 394 P.2d 801 (1964), and cases cited. If such negligence was a proximate cause of the accident, the such injured party is thereby barred in an action to recover damages for his injuries even though the other driver is likewise negligent. *Sinclair v. Record Press, Inc.,* 52 Wn.2d 111, 323 P.2d 660 (1958).

The evidence as it related to the negligence of either driver was conflicting. Under these facts, the court did not err in submitting the issue of Mrs. Harris's contributory negligence to the jury.

Did the trial court err in giving the following instruction on the issue of deception:

I instruct you that the driver of an automobile on an arterial highway is afforded the right of way over vehicles entering the arterial highway over that portion of the highway to which the driver thus favored is entitled to proceed. I further instruct you that the right of way afforded to a driver on an arterial highway is not absolute since the duty to avoid accidents rests upon all drivers. I further instruct you that where the favored driver so wrongfully and negligently operated his automobile as to create a deception tantamount to an entrapment, that is to say, that the deception is of such a marked character as to lure a reasonably prudent driver into the illusion that he has a fair margin of safety in entering upon the arterial highway and clearing the intersection, then a

driver entering the arterial highway, so deceived, is not negligent. Instruction No. 14.

■ We have held in *DeKoning v. Williams*, 47 Wn.2d 139, 286 P.2d 694 (1955), that each party is entitled to have his theories of the case presented to the jury. *Lidel v. Kelly*, 52 Wn.2d 238, 324 P.2d 817 (1958); *Carraway v. Johnson*, 63 Wn.2d 212, 386 P.2d 420 (1963). If a given set of facts supports two or more theories of law, the court must instruct on all the theories to which the facts pertain.

■ The appellant's contention was that he did yield the right of way; that there were no automobiles approaching in the curb lane; that he saw headlights approaching in the center lane; and that none of the drivers traveling in the center lane were indicating any intention of changing lanes at the time he entered the curb lane.

Upon these facts, the jury could have found that the appellant acted as a reasonably prudent person and was deceived into believing that he could enter the highway with a fair margin of safety. In *Bockstruck v. Jones*, 60 Wn.2d 679, 682, 374 P.2d 996 (1962), we held that:

A disfavored driver, who properly looks to the right, can be deceived by a clear stretch of road *as well as by the deceptive manner in which a favored driver operates his vehicle.* For a comparable case see *Roberts v. Leahy* (1950), 35 Wn.(2d) 648, 214 P.(2d) 673. (Italics ours.)

In the cited case, we held that the instruction on deception was properly given. In the instant case, there is evidence not only of a clear stretch of road at the time the appellant entered the curb lane of the arterial highway, but also of the deceptive manner in which respondent operated her vehicle.

The respondent relies upon *Ward v. Zeugner*, 64 Wn.2d 570, 392 P.2d 811 (1964), in which case this court held that the instruction on deception was improperly given. The facts in the *Ward* case show that the favored driver was proceeding in the lane in which she had a right of way and that the disfavored driver turned in front of the favored driver, causing the accident. The disfavored driver "neither testified or claimed she saw the favored driver's vehicle"

prior to the collision. The facts in the *Ward* case, *supra,* present a typical case of a disfavored driver not seeing that which was present to be seen. Hence, the disfavored driver could not have been deceived by that which she did not see.

The evidence in the instant case vastly differs from that in the cited case. The disfavored driver, Mr. Fiore, saw everything which was there to be seen. There was no vehicle approaching in the curb lane into which he was about to enter. He saw the headlights of all the vehicles approaching in the center lane, in which lane Mrs. Harris concedes she was traveling prior to the collision. None of the drivers traveling in the center lane were indicating an intention to change to the curb lane. Had Mr. Fiore attempted to enter the center lane, the rule announced in the *Ward* case would apply. The evidence is undisputed that Mr. Fiore intended to enter the curb lane. The deception occurred in Mrs. Harris's failure to indicate her intention to change her lane of travel from the center to the curb lane.

We conclude, therefore, that the rule announced in the *Ward* case is not appropos to the facts in the case at bar and that the instruction on deception under the facts in this case was properly given.

For the reasons stated, the trial court erred in granting respondents a new trial and the cause is reversed with instructions to enter judgment in accordance with the verdict of the jury.

HUNTER, J., and BARNETT, J. Pro Tem., concur.

HILL, J. (concurring in the result)—I do not agree with the factual statement in the majority opinion. The jury could have found that instead of the collision occurring two or three car lengths beyond the intersection of Aurora Avenue and North 49th, it occurred in the north part of the intersection and that instead of the Harris (favored driver) car striking the left side of the Fiore (disfavored driver) car, the headlight of the latter car hit the right rear door of the Harris car.

I do not believe that the factual differences are particularly material, but do desire to make it clear that there is

not just one version on the fact issues of who hit whom and where.

I agree with the majority that the contributory negligence of the favored driver (Mrs. Harris) was a proper issue for the jury to determine.

I disagree with the majority's conclusion that the instruction on deception should have been given.

It seems to me that to permit a deception instruction to be given under the circumstances of this case, takes away the positive statutory right of way given at that time to the traveler on an arterial (such as Aurora Avenue) over any driver entering upon that arterial from an intersection such as North 49th.

I would first make clear the character of the negligence for which the disfavored driver seeks exculpation, claiming he was deceived. He violated the right-of-way statute (RCW 46.60.170) then in effect (changed in some particulars subsequent to this collision) by failing to yield the right of way to the favored driver on an arterial. There was a collision in the intersection or just beyond it. That was negligence per se.

The necessity for obedience to such traffic safety statutes is well enunciated in *Spalding v. Waxler*, 2 Ohio St. 2d 1, 4, 205 N.E.2d 890, 893 (1965).

> To constitute a legal excuse for failure to comply with a safety statute, it is not enough for defendant to show that he acted as a reasonably prudent person would have acted under the circumstances. The required standard of care has been specified by the General Assembly, and the specific requirements of the statute have replaced the rule of ordinary care. *Kehrer v. McKittrick*, 176 Ohio St. 192, 194; Prosser, Torts (3 Ed.) 191, Section 35.
>
> "Some statutes, such as traffic laws, are enacted * * * to prescribe uniform and certain rules of conduct in the interest of safety. Such rules are authoritative declarations as to how persons shall act, and must be observed * * * . * * * In such a field, 'when the Legislature has spoken, the standard of care required is no longer what the reasonably prudent man would do under the circumstances, but what the Legislature has

commanded.' " Traynor, J., concurring in *Satterlee v. Orange Glenn School Dist.,* 29 Cal.2d 581, 596, 177 P.2d 279, 287.

In order to avoid liability for injuries resulting from a failure to comply with a safety statute regulating the operation of a motor vehicle upon the public highway, the test is not what a reasonably prudent person would have done, but whether the favored driver so wrongfully and negligently operated his car as to create a deception tantamount to an entrapment. *Ward v. Zeugner,* 64 Wn.2d 570, 392 P.2d 811 (1964); *Mondor v. Rhoades,* 63 Wn.2d 159, 385 P.2d 722 (1963).

We come now to the consideration of the evidence upon which a jury could make a finding of deception in the present case.

The disfavored driver had been at the intersection for from 5 to 7 minutes waiting (patiently we presume) for a break in the northbound traffic to enable him to make a right turn into the curb lane and proceed north. He knew that traffic could change from lane to lane at any time. His testimony was that there came a time when there was no traffic in the curb lane and he saw no car in the middle lane of the three northbound lanes signaling a right turn into the curb lane. He seized that moment to make his right turn into Aurora Avenue, and at approximately the same time the favored driver (traveling in the middle lane) commenced her right turn into the curb lane. Her testimony was that she had put on her right-turn indicator somewhere between North 48th and North 49th Streets. She was moving into the curb lane so that she could make a right turn off of Aurora Avenue at North 50th.

We have here no more than a conflict in testimony: She says she signaled her change of lane; he says he saw no such signal.

In view of the traffic situation at that time and place, it seems to me that any disfavored driver turning onto Aurora Avenue was taking a calculated risk. We have here no visible obstruction, no excessive speed, no sudden change of

pace by the favored driver such as have distinguished our other deception cases. If we are to hold that what happened here could constitute proof of deception tantamount to entrapment, all that would ever be needed to excuse a failure to yield a statutory right of way would be the testimony of a disfavored driver that he didn't see a signal.

Despite my feeling that we are making a mistake in labeling this a deception case, I am concurring in the result because whether or not the deception instruction should have been given, it was not prejudicial to the favored driver, the respondent here, if, as we agree, the contributory-negligence instruction was proper.

The reason for my concurrence is that if the disfavored driver, the appellant here, was deceived into believing it was safe for him to enter Aurora Avenue from North 49th it was because of the failure of the favored driver to signal her intention to change lanes, which is exactly the same failure which we are agreed is sufficient to justify an instruction on contributory negligence. Under the deception instruction, her failure to signal a change of lanes could absolve the disfavored driver of his negligence in failing to yield the right of way, and under the contributory-negligence instruction, the same failure to signal a change of lanes could bar her recovery.

In other words, there is no contributory negligence and there is no deception, unless the favored driver failed to signal her intention to change lanes for the distance and time required by the statute quoted in the majority opinion.

In this particular situation, where the disfavored driver is claiming no damages but is merely defending against the claim of the favored driver, I see no prejudice to the favored driver in giving the deception instruction, for if the jury found that the favored driver failed to signal her intention to change lanes and that such negligent conduct was a proximate cause of the collision, the favored driver was barred from any recovery, and whether or not the

appellant-disfavored driver was or was not deceived by that same failure becomes immaterial.

ROSELLINI, J., concurs with HILL, J.

May 3, 1967. Petition for rehearing denied.