[No. 24-40259-3.    Division Three.    October 21, 1969.]

Lloyd Watts et al., *Appellants,* v. Leonard D. Dietrich et al., *Respondents.*

142

*Donald J. Clark,* for appellants.

*Loney, Westland & Raekes, John A. Westland,* and *Olson & Olson,* for respondents.

GREEN, J.—A disfavored driver who turned left at an intersection and collided with an oncoming car brought an action against the driver of the oncoming car. Following a dismissal at the close of plaintiff's evidence, this appeal was taken.

The accident occurred at the intersection of North Tenth Avenue and West Clark Street in Pasco, Washington, about 1:45 p.m. on November 26, 1965. North Tenth Avenue is a street running in a general north-south direction. Clark Street runs in a general east-west direction and intersects North Tenth Avenue. Both streets are 4-lane streets. The intersection is controlled by traffic lights. There are no separate left-turn lanes.

Plaintiff Marian Watts left her place of employment and was driving her car in a northerly direction on Tenth Avenue in the inside lane of traffic, the lane closest to the center line, intending to turn left at the Clark Street intersection. As plaintiff approached the intersection, the light was red. She stopped behind another car just ahead of her and waited for the light to change. When the light changed to green, the preceding car turned left on Clark Street. Plaintiff waited to allow an oncoming car proceeding in a southerly direction in the inside lane on Tenth Avenue to make a left turn in front of her into Clark Street. Plaintiff then turned left intending to cross the two southbound lanes of Tenth Avenue. Just before plaintiff cleared the second southbound lane (curb lane) of traffic, defendant's car collided with the right rear of plaintiff's car. After the impact, plaintiff's car moved 6 feet northwest. Defendant's car moved only slightly sideways.

The testimony of plaintiff was that prior to the accident she saw defendant's car coming in a southerly direction on Tenth Avenue in the outside lane (curb lane) of traffic— "quite a ways up the street," and that ". . . He was coming faster than I thought he was . . . I thought I had time to make my turn . . . I thought I had plenty of time to make my turn." She further testified that defendant pulled to the inside lane after another southbound car had made a left turn into Clark Street. Plaintiff did not fix the distance or the speed of defendant's vehicle.

Defendant Leonard Dietrich, called by plaintiff as an adverse witness, testified he was driving south on Tenth Avenue toward Clark Street in the inside lane of traffic next to the center line. About 150 or 175 feet from the Clark Street intersection, he noticed the car in front of him signaling to make a left turn. At that time, the defendant turned on his signal, moved to the outside lane of traffic, and about 135 feet from the intersection of Clark Street completed his change of lanes. Approximately one and one-half car lengths from the intersection, defendant saw plaintiff's car turn directly in front of him. He applied his brakes and skidded into the right rear of plaintiff's car. Defendant testified his speed was 30-35 mph but as he approached the intersection he reduced his speed to 30 mph. The lawful speed limit not having been shown, it was stipulated to be not less than 30 mph.

Investigating Officer Swoboda testified that he measured 41 feet of skid marks from the defendant's vehicle and found that the rear wheel marks were superimposed directly over the front wheel marks indicating, except for a slight curve to the left at the end, a straight skid.

Defendant moved to dismiss the case at the close of plaintiff's evidence. The trial court granted the motion finding that (1) plaintiff was negligent as a matter of law, and (2) the court could find no evidence of negligence by the defendant which would entitle plaintiff to a jury instruction on the theory of deception.

It is the general rule that a motion for dismissal at

the close of plaintiff's evidence in a case tried to a jury admits the truth of plaintiff's evidence and all favorable inferences therefrom, and if the evidence permits more than one reasonable interpretation, the court must interpret it most strongly against the moving party. *Chappel v. Franklin Pierce School Dist. 402,* 71 Wn.2d 17, 18, 426 P.2d 471 (1967). Plaintiff takes the position that the application of this rule required the submission of the case to the jury on the issue of deception.

It is contended that plaintiff was deceived by (1) a clear stretch of road under *Bockstruck v. Jones,* 60 Wn.2d 679, 374 P.2d 996 (1962); and (2) the deceptive manner in which defendant operated his vehicle by changing lanes without first ascertaining that such change could be made with safety. RCW 46.61.115, .140.

■ With respect to the clear-stretch-of-road doctrine the court, after a detailed review of intersection cases, in *Tobias v. Rainwater,* 71 Wn.2d 845, 854, 431 P.2d 156 (1967), declared:

> In *Ward v. Zeugner,* 64 Wn.2d 570, 573, 392 P.2d 811 (1964), we said:
>> We have no serious quarrel with the principle announced in the *Bockstruck* case; however, it must be recognized that it is of limited application—its applicability being confined and restricted to those situations wherein it is demonstrated by the evidence presented that the *disfavored driver, consistent with the primary duty of caution resting upon him, and consistent with the physical surroundings, carefully looked from a point of appreciable observation and could not see a negligently operated favored vehicle because of a physical obstruction upon or about the roadway.* Entrapment of the disfavored driver is thus predicated upon two circumstances: (a) The favored driver's negligent operation, and (b) the concealment thereof from prudent view by an obstruction. See *Roberts v. Leahy,* 35 Wn. (2d) 648, 214 P. (2d) 673.

The clear-stretch-of-road doctrine applies only in cases where the disfavored driver looked and could not see the

negligently operated favored vehicle and it was concealed from prudent view by an obstruction.

To the contrary, plaintiff testified:

Q. And had, or had you not seen the—Dietrich's car prior to when he hit you?
A. Quite a ways up the street, I had seen him.

Based on this testimony, the clear-stretch-of-road doctrine does not apply.

Plaintiff claims she testified on pre-trial deposition that she never saw defendant's car before the accident. This deposition was not in evidence and therefore is not properly before this court.

■ It is claimed that defendant deceived plaintiff into making a left turn by suddenly changing from the inside to the outside lane of traffic and that such change violated RCW 46.61.115 which provides:

(1) The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:

(a) When the vehicle overtaken is making or about to make a left turn;

. . .

(2) The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety.

However, plaintiff's conduct was governed by RCW 46.61.185:

The driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

Violation of this section is negligence per se, *Bohnsack v. Kirkham*, 72 Wn.2d 183, 190, 432 P.2d 554 (1967), and applies to both oncoming lanes of traffic. *Shultes v. Halpin*, 33 Wn.2d 294, 310, 205 P.2d 1201 (1949).

The physical evidence showed the skid marks of the rear wheels on defendant's vehicle to have been superimposed

over the front wheels for a distance of 41 feet. This clearly shows defendant in the outside lane of traffic for some distance prior to the accident. There was no sudden change of lane immediately before the accident. This is confirmed by defendant's testimony that he had completed his change of lane about 135 feet from the intersection. Plaintiff's testimony is that she saw defendant's car in the inside lane of traffic; that she allowed the vehicle immediately ahead of defendant to make a left turn and that she thought she had time to make her turn, notwithstanding her inability to estimate defendant's speed. Defendant testified that he had slowed down for the intersection and was traveling at about 30 mph when he first saw plaintiff's car and applied his brakes. Defendant's car was almost stopped at time of impact. It is plain that plaintiff was exercising "split-second" judgment.

In *Shultes v. Halpin, supra,* at 310, the court, in dealing with a left-turn intersection case involving multiple lanes where the driver making the left turn was held negligent said:

> Failure to look out for and give right of way to a vehicle on the right simultaneously approaching a given point within the intersection constitutes negligence as a matter of law. . . .
>
> Construing the right of way statutes, this court has many times voiced the precept that the burden of avoiding a collision at a street intersection rests not only primarily, but also heavily, on the driver who occupies the disfavored position, and that he must perform his duty in that respect with reasonable regard to the maintenance of a fair margin of safety at all times.

The court in *Tobias v. Rainwater, supra,* said at 857:

> [A] favored driver who has done nothing to confuse or deceive a disfavored driver is entitled to assume that the latter will yield the right of way. . . . The favored driver may rely upon this assumption until he becomes aware, or in the exercise of reasonable care should have become aware, that the right of way will not be yielded.
> . . .
> Further, after he becomes aware that the right of way

will not be yielded, a reasonable reaction time must be allotted the favored driver to permit him, in the exercise of due care, to act.

and at 852:

In *Mondor v. Rhoades,* 63 Wn.2d 159, 167, 385 P.2d 722 (1963), this court undertook an extensive re-examination of the so-called deception rule. Our conclusions were stated to be that:

[T]he right of way granted to the driver on the right is a strong one and ought not to be lost in the maze of details arising from split-second computation of time and distance. But it is not an absolute. The law, like life itself, has room for few absolutes, and we are fearful of granting one here. Room must be left for *the extreme case, the case where the driver on the left is able to demonstrate that the favored driver so wrongfully and negligently operated his car as to create a deception tantamount to an entrapment,* a deception of such marked character as to lure a reasonably prudent driver into the illusion that he has a fair margin of safety in proceeding into the intersection and on through it. If the behavior of the car and driver on the right would not deceive the reasonably prudent driver on the left to such an extent as to entrap him, then the disfavored driver has failed to yield the right of way. See *Chavers v. Ohad,* 59 Wn. (2d) 646, 369 P. (2d) 831, and the specially concurring opinion per Rosellini, J., at p. 653. (Italics ours.)

We find that the trial court properly granted the order of dismissal, and that the evidence failed to demonstrate that the defendant favored driver so wrongfully and negligently operated his car as to create a deception tantamount to an entrapment by creating the illusion that she had a fair margin of safety in making a left turn. While it is unfortunate that plaintiff sustained damages as a result of this collision, the damages were the proximate result of her mistaken judgment which amounted to negligence as a matter of law, and not the result of any negligence on the part of the defendant who had the right of way.

Judgment is affirmed.

EVANS, C. J., and MUNSON, J., concur.