[No. 579-2. Division Two. May 3, 1972.]

MARVIN A. CHAPMAN et al., Respondents, v. KERRY D.
CLAXTON et al., Appellants.

 

*Wayne D. Purcell* (of *Studley, Purcell & Spencer*), for appellants.

*Wayne Roethler* (of *Roethler & McCulloch*), for respondents.

PEARSON, J.—This is an intersection right-of-way case, in which a jury found for the favored automobile containing plaintiffs, Marvin Chapman and Manetta DeBois. Defendant, Kerry Claxton, appeals, claiming error in the instructions given or refused by the trial court and primarily contending that an instruction on the "deception doctrine" should have been given.

The automobile accident occurred at 1 a.m. on September 1, 1968, at the light-controlled intersection of 15th Avenue and Florida Streets in Longview. Both vehicles were on 15th Avenue, a 5-lane arterial street, which runs north and south. At the locus of its intersection with Florida Street, 15th Avenue has two driving lanes for northbound traffic, two driving lanes for southbound traffic, and a center lane for vehicles intending left turns onto Florida. The intersection is controlled by a 3-sequence traffic light which alternates between green, amber and red.

Defendant was traveling south on 15th Avenue, with his wife and two other passengers. He entered the center lane, intending to execute a left turn to proceed east onto Florida Street. Plaintiff, Marvin Chapman, was driving his 1961 MG sports car, with Mrs. DeBois as a passenger, northerly on 15th Avenue, intending to continue through the Florida Street intersection.

From this point on, the facts are in sharp dispute. The evidence presented by defendant, if believed, would establish this sequence of events:

(1) Defendant stopped at the intersection in the left-

ILLUSTRATION 1

Left Turn Lane

Inside Lane

Outside Lane

Fla. St.

Defendant's vehicle

Unknown Ford vehicle

Plaintiff's vehicle

15th Avenue

ILLUSTRATION 2

Left Turn Lane

Inside Lane

Outside Lane

N

Defendant's vehicle

Plaintiff's vehicle

turn lane and permitted two or three northbound vehicles to clear the intersection. His left-turn signal was in operation.

(2) At this point, the traffic light, which had been green, turned amber and another northbound vehicle (a Ford) came to a stop in the inside northbound traffic lane.

(3) When this occurred, defendant observed no other vehicles approaching and commenced his left turn.

(4) Plaintiff's car, approaching the intersection in the northbound inside lane, suddenly changed to the outside lane, passing the stopped vehicle on the right. This maneuver was not observed by defendant—only by one of his passengers. Defendant did not see plaintiff's car until a split second prior to the crash.

(5) The collision occurred within the intersection in the outside lane for northbound traffic. (*See* illustration 1.)

The evidence presented by plaintiff, if believed, established this sequence of events:

(1) Plaintiff was traveling north in the inside driving lane and entered the intersection on a green light.

(2) As he proceeded into the intersection, defendant executed a left turn immediately in front of plaintiff.

(3) Plaintiff did not observe defendant's vehicle until just before impact, denied the presence of the stopped Ford automobile, and denied changing lanes near the intersection. (*See* illustration 2.)

The only testimony of the unidentified Ford automobile came from defendant and his passengers. However, the police investigating officer placed the impact point in the outside lane for northbound traffic.

Upon conclusion of the evidence, defendant proposed an instruction identical to Washington Pattern Jury Instruction 70.02.01, 6 Wash. Prac. 246, which provides:

A statute provides that a driver intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the oppo-

site direction which is within the intersection or so close thereto as to constitute an immediate hazard. This right of way, however, is not absolute but relative, and the duty to exercise ordinary care to avoid collisions at intersections rests upon both drivers. The primary duty, however, rests upon the driver turning to the left, which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times.

[If the oncoming driver wrongfully, negligently, or unlawfully operates his vehicle in such a manner that it would deceive a reasonably careful driver making the left turn, so as to cause him to proceed forward on the assumption that he had a fair margin of safety, and if the driver turning left is in fact so deceived, then the right of way rule would not apply in favor of the oncoming driver.]

The trial court gave only the first paragraph, containing the long-standing right-of-way rule, as applied to a left-turning vehicle driver. The court declined to give the second paragraph of 70.02.01 on the grounds that the "deception doctrine" could not be applied to the facts of this case. However, the trial court did submit the issue of plaintiff driver's contributory negligence to the jury.[1] We agree with the trial court that a "deception doctrine" instruction was not necessary in this case.

The "deception doctrine" has received extensive treatment in recent cases by the Supreme Court, and by the Court of Appeals. *Tobias v. Rainwater*, 71 Wn.2d 845, 431 P.2d 156 (1967); *Watts v. Dietrich*, 1 Wn. App. 141, 460 P.2d 298 (1969). It is a doctrine which has developed to cushion the harsh effect of the negligent per se doctrine, as applied to intersection collisions. It is applicable where the driver who has statutory favored status has by some wrongful driving conduct deceived a reasonably prudent disfavored driver into believing that he can proceed through an intersection with a fair margin of safety. *Watts v. Dietrich, supra.*

---

[1]Three theories of contributory negligence were submitted to the jury: (a) passing on the right (RCW 46.61.115(1)(b) and (2)); (b) entering the intersection on an amber light (RCW 46.61.055(2)(a)); and (c) intoxication.

In limiting application of the deception doctrine to the extreme case for policy reasons, the Supreme Court has recently required the deception to be "tantamount to an entrapment, a deception of such marked character as to lure a reasonably prudent driver into the illusion that he has a fair margin of safety in proceeding into the intersection and on through it." *Mondor v. Rhoades,* 63 Wn.2d 159, 167, 385 P.2d 722 (1963).

█ In contending for application of the deception rule, defendant relies upon the so-called "clear stretch of road doctrine" as enunciated in *Bockstruck v. Jones,* 60 Wn.2d 679, 374 P.2d 996 (1962) and more recently applied in *Harris v. Fiore,* 70 Wn.2d 357, 423 P.2d 63 (1967). That doctrine permits a finding of deception where a disfavored driver who properly looks from a point of appreciable observation and cannot see a negligently operated favored vehicle because of a physical obstruction upon or about the roadway. *Ward v. Zeugner,* 64 Wn.2d 570, 392 P.2d 811 (1964); *Tobias v. Rainwater, supra; Watts v. Dietrich, supra; Harris v. Fiore, supra.*

It is contended by defendant that his visibility of the small MG automobile was obstructed by the stopped Ford automobile, and the unexpected lane change, together with the alleged negligent conduct of plaintiff in passing on the right and entering the intersection on an amber light, should afford him the benefit of a deception instruction.

We think that deception based upon the "clear stretch of road doctrine" is not applicable to this case, for these reasons. The limitations to that theory of deception were enunciated in *Ward v. Zeugner, supra* at 573, as follows:

We have no serious quarrel with the principle announced in the *Bockstruck* case; however, it must be recognized that it is of limited application—its applicability being confined and restricted to those situations wherein it is demonstrated by the evidence presented that the disfavored driver, consistent with the primary duty of caution resting upon him, and consistent with the physical surroundings, carefully looked from a point of appreciable observation and could not see a negligently

operated favored vehicle because of a physical obstruction upon or about the roadway. Entrapment of the disfavored driver is thus predicated upon two circumstances: (a) The favored driver's negligent operation, and (b) the concealment thereof from prudent view by an obstruction. See *Roberts v. Leahy,* 35 Wn. (2d) 648, 214 P. (2d) 673.

Defendant testified that at no time did he observe plaintiff's vehicle until the moment of impact when he saw a flash of its headlights. Defendant's passenger, Clifford Rabideau, however, who was seated in the front seat on the passenger's side, observed the plaintiff's vehicle come around from behind the stopped vehicle.

As the court in *Ward v. Zeugner, supra* held at page 574:

The conclusion is inescapable that defendant driver did not maintain the lookout required of one about to execute a left turn upon an arterial. Defendants' claim of entrapment must fall to the oft-repeated statement that a disfavored driver cannot be deceived by that which such driver does not see.

In the instant case, defendant's duty to yield the right-of-way extended to both driving lanes. Drivers in his position must anticipate that oncoming drivers will frequently pass on the right and such a maneuver is not prohibited so long as it is done with safety. RCW 46.61.115(1)(b) and (2).

Defendant relies upon *Harris v. Fiore, supra.* In that case, the doctrine was held to be applicable to a disfavored driver about to enter the curb lane of a multiple lane arterial. The driver there was deceived by (1) an open lane for some considerable distance, and (2) a negligent driver on an inside lane who failed to signal a switch to the outside lane. We think that case is distinguishable, since the disfavored driver there was entitled to assume that in the absence of a signal, a driver on the inside lane would not move to the outside lane and thus deception was, in fact, based upon the negligence of the favored driver.

In this case, however, the disfavored driver failed to observe the favored car, although its movement was observed by a passenger in his vehicle. Had the favored driver

been signaling for the lane change, defendant would not have observed the signal. Defendant cannot claim to have been deceived by what he did not see. *Ward v. Zeugner, supra. See McGough v. Edmonds,* 1 Wn. App. 164, 460 P.2d 302 (1969).

■■ In any event, it is doubtful if the deception doctrine is applicable in a case of this kind, where the disfavored driver does not seek affirmatively to recover from the favored driver.

Since entrapment of the disfavored driver is predicated on two elements— (1) negligence of the favored driver, and (2) concealment from prudent view of the disfavored driver—the establishment of the first element defeats the favored driver's cause of action. It would appear to be superfluous to require the jury to consider whether or not the negligence was concealed from a prudent viewing disfavored driver.

We conclude that it is not error to refuse an instruction on the deception doctrine where the disfavored driver is not seeking recovery for his damage from the favored driver, and where the jury is allowed to determine the proper issues of contributory negligence of the favored driver, together with proximate causation.

■■ Defendant also complains of the failure of the trial court to give a proposed instruction in the nature of a statement of the case, setting forth five different theories of plaintiff's contributory negligence. From our review of the evidence, there was at least one claim in the proposed instruction that was not supported by the evidence.[2] The issues of contributory negligence on which there was evidence were given by separate instruction. The trial court is not obliged to give an instruction which contains elements or claims that are not supported factually. *See Simmons v. Koeteeuw,* 5 Wn. App. 572, 489 P.2d 364 (1971).

[2]The claim was that plaintiff was negligent for operating "his vehicle in violation of the statutes in regard to passing on the right."

We note there is no statute which makes this type of pass illegal under the circumstances of this case.

■ Defendant urges that the court erred in refusing to give two proposed instructions on intoxication. Instead, the trial court gave WPI 12.01, and it was given so that the jury could apply it to either plaintiff driver or defendant driver, both of whom had consumed alcoholic beverages prior to the accident. There was no error in refusing the two proposed instructions.

Defendant finally complains of the failure of the trial court to give two other proposed instructions. Defendant's proposed instruction 11, a general statement of the duty of every driver to exercise reasonable care for his own safety, was repetitious of the general instruction on contributory negligence contained in the court's instruction 7 and 8.

Defendant's proposed instruction 16 purported to inform the jury of the meaning of the term "so close . . . as to constitute an immediate hazard" contained in RCW 46.61.185. In our view, the first paragraph of WPI 70.02.01, describing the right-of-way rule, together with the other general and statutory duty instructions given by the court, adequately instructed the jury on the rights and duties of both parties.

Judgment affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.