[No. 1573-1. Division One. October 15, 1973.]

LYMAN B. AXNESS, *Appellant*, v. MARINEAUX EDWARDS *et al.*, *Respondents*.

*Murray, Dunham & Waitt* and *Wayne Murray*, for appellant.

*Koenigsberg, Brown, Sinsheimer, Stone & Meltzer* and *Edwin S. Stone*, for respondents.

HOROWITZ, J.—Plaintiff Lyman B. Axness' car and defendant Marineaux Edwards' car collided at the intersection of 18th Avenue and East Madison Street, Seattle. Each party sued the other for negligence for damages sustained. Neither party recovered. The court granted a new trial to defendant for error in instructing the jury on the deception exception set forth in *Martin v. Hadenfeldt*, 157 Wash. 563, 289 P. 533 (1930). Plaintiff appeals.

The controlling question presented is the sufficiency of evidence to support the deception instruction given based on the increased speed of a favored driver on an arterial after the disfavored driver, seeking to cross the intersection, first obtains a fleeting glimpse of the approaching car some distance away but is unable to judge the speed at which it is approaching the intersection he seeks to cross.

East Madison is a 4-laned arterial running in a generally easterly and westerly direction. Eighteenth Avenue intersects East Madison and runs generally in a northerly and southerly direction. Stop signs are posted regulating the north-south traffic on 18th Avenue. A very short distance east of 18th Avenue, East Madison Street declines sharply to 19th Avenue. Police officers testified that looking east on Madison Street from 18th to 19th Avenue would be comparable to looking out of a 2- to 3-story building. Plaintiff testified that it is hard to look east on Madison Street from the position of the stop sign on 18th Avenue as viewed by a driver traveling in a northerly direction.

On June 16, 1970, during the evening and while it was dark, although the streets were dry and the weather was clear, plaintiff was proceeding northbound on 18th Avenue in Seattle, Washington. Plaintiff pulled up to the stop sign at the intersection of 18th Avenue and East Madison Street. Plaintiff testified he stopped, looked to his right, and observed the headlights of defendant's car approximately 350 feet away, but could not estimate the speed of that car. He then looked to his left, saw no approaching car, and proceeded into the intersection. After so proceeding, plaintiff next looked to his right for an instant and observed defendant's car about 60 to 80 feet away, traveling at an estimated speed of 50 m.p.h. The two cars quickly collided.

There was testimony from disinterested witnesses that defendant's car, proceeding westerly on East Madison Street, traveled at some 25 to 40 m.p.h. The speed limit was 30 m.p.h. There was also evidence from an independent

witness that the defendant substantially increased his speed between 19th and 18th Avenues. Prior to the collision the defendant, as he approached the intersection at 18th Avenue, applied his brakes, skidded and veered to the right, but nevertheless struck plaintiff's car. The skid marks showed defendant's car traveled a distance of 54 feet before his car came to a rest at a telephone pole at the northwest corner of the intersection.

Defendant contends plaintiff was negligent in failing to yield the right-of-way to defendant's car, which he was required to do by reason of the stop sign at the intersection of 18th Avenue and East Madison Street. Plaintiff contends he had a right to proceed as he did because he was deceived by the fact that the defendant increased his speed while traveling between 19th Avenue and 18th Avenue. The court instructed the jury in part as follows:

> If the driver on the through street or highway wrongfully, negligently or unlawfully operates his vehicle in such a manner that it would deceive a reasonably careful driver facing a stop sign, so as to cause him to proceed into the intersection on the assumption that he had a fair margin of safety, and if the driver entering the intersection through the stop sign is in fact so deceived, then the right of way rule would not apply in favor of the driver on the through street or highway.

Paragraph 3, instruction No. 8.

Plaintiff's sole assignment of error on his appeal is the entry of the order granting defendant a new trial based on the giving of the quoted instruction.

Defendant contends plaintiff's claim of error is not reviewable because CAROA 43 requires instruction No. 8 to be set out in full. CAROA 43 is inapplicable. The portion of the rule on which he relies applies only if the appellant is assigning error to the giving of an instruction or the refusal of an instruction. Here plaintiff does not contend the court erred in giving the instruction. He contends the court gave a correct instruction but erroneously granted a new trial.

Plaintiff contends he was not required to yield the right-of-way to defendant's approaching car because he was de-

ceived by defendant's increase in speed after he first saw defendant's car; that being so deceived he had a right to proceed across the intersection in the reasonable belief he had a fair margin of safety. He particularly relies on the deception rule announced in *Martin v. Hadenfeldt, supra,* stated as follows:

(4) The driver on the left assumes and meets the burden of producing evidence which will carry to the jury the question of fact as to whether or no the favored driver on the right so wrongfully, negligently, or unlawfully operated his car as would deceive a reasonably prudent driver on the left and warrant him in going forward upon the assumption that he had the right to proceed.

*Martin* at 567. The first two paragraphs of instruction No. 8, to which no exception was taken, read:

A statute provides that a driver approaching a stop sign at an intersection shall come to a complete stop before entering the crosswalk on the near side of the intersection, and, having stopped, he shall yield the right of way to any vehicle which has entered the intersection from another street or highway or which is approaching so closely on the other street or highway as to constitute an immediate hazard during the time the driver who had the duty to stop is moving across or within the intersection.

This right of way, however, is not absolute but relative, and the duty to exercise ordinary care to avoid collisions at intersections rests upon both drivers. The primary duty, however, rests upon the driver who faces a stop sign, which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times.

■ Before rule (4) from *Martin v. Hadenfeldt* is applicable, the deception relied on to excuse the disfavored driver from yielding the right-of-way "must be tantamount to an entrapment." *Gray v. Pistoresi,* 64 Wn.2d 106, 110, 390 P.2d 697 (1964). The disfavored driver must be lured by the deception into crossing the intersection notwithstanding that, but for the deception, it would have been his duty to

yield the right-of-way to the approaching favored car. *Gray v. Pistoresi, supra.*

■ The deception rule has been frequently discussed in the Washington cases, latterly in *Tobias v. Rainwater,* 71 Wn.2d 845, 431 P.2d 156 (1967). In *Tobias* it is pointed out that excessive speed on the part of the favored driver is not in itself sufficient to justify the submission of the issue of deception to the jury. The court said:

> [T]he application of the deception rule presupposes a situation where the disfavored driver sees the favored vehicle and is deceived by the actions of the driver of that vehicle. . . . One cannot be deceived by that which he does not see. . . . And, if one sees the favored vehicle only an instant before the collision, there is, again, no deception in the legal sense. . . .
>
> . . .
>
> . . . [T]he deception rule would not apply to a situation in which the disfavored driver saw the oncoming favored driver, and was aware of the latter's excessive speed. . . . [U]nder such circumstances the disfavored driver's duty to yield would be intensified rather than diminished by the known fact of excessive speed on the part of the favored driver. . . .

The court noted that the deception rule would apply where

> (1) there is evidence that the favored driver increased his speed after the disfavored driver saw him, and (2) where it appears from the testimony that there was nothing to indicate that the favored driver was traveling at a speed in excess of the legal limit when seen by the disfavored driver.

The court noted, however:

> Both situations described apply *only* in cases where the disfavored driver *actually sees* the favored driver, and *reasonably* concludes that he has ample time to traverse the intersection, having due regard to the maintenance of a fair margin of safety at all times.

*Tobias* at 853-54. *See also Chapman v. Claxton,* 6 Wn. App. 852, 497 P.2d 192 (1972).

The court next dealt with the argument that

the disfavored driver has the right to assume that the

favored driver on an arterial highway will not travel in excess of the legal rate of speed, unless such disfavored driver knows or should know that the favored driver is approaching at an excessive rate of speed . . .

*Tobias* at 855-56. The court stated, however, that

this rule is applicable only where the disfavored driver actually sees the favored driver and *justifiably* believes that the favored driver is not traveling in excess of the lawful speed limit . . .

*Tobias* at 856.

The case at bar falls within the rationale of the quoted principle from *Tobias* that "[o]ne cannot be deceived by that which he does not see." *Tobias* at 853. Plaintiff saw the headlights on defendant's car for but an instant when it was about 350 feet away. Plaintiff's fleeting glimpse was insufficient to enable him to determine at what rate of speed defendant was approaching. Plaintiff testified he could not estimate the speed of defendant's car. *Tobias v. Rainwater, supra. See Golub v. Mantopoli*, 65 Wn.2d 361, 397 P.2d 433 (1964); *King v. Molthan*, 54 Wn.2d 115, 338 P.2d 338 (1959).

Plaintiff, as stated, did not know and could not determine the rate at which defendant was approaching the intersection. Defendant did not testify he knew the applicable speed limit. He could not testify he knew defendant knew that speed limit and would not exceed it. Lacking knowledge of facts here he had to know in order to be entrapped or lured into crossing the intersection while maintaining a fair margin of safety, he could not "justifiably" conclude defendant was "not traveling in excess of the lawful speed limit," and could not "reasonably" conclude he had "ample time to traverse the intersection, having due regard to the maintenance of a fair margin of safety at all times." *Tobias* at 856, 854. Under the circumstances, it can no more fairly be said plaintiff was deceived by a speed he could not observe than that he could be deceived by the driving of a car he could not see at all. Plaintiff's duty to yield the right-of-way to defendant was, therefore, "intensified rather

than diminished." *Tobias* at 854. The deception instruction is unsupported by the evidence and the court properly granted defendant a new trial.

Affirmed.

SWANSON, C.J., and WILLIAMS, J., concur.