[No. 8495–0–I.  Division One.  February 16, 1982.]

ISAAC OLIVER, JR., ET AL, *Appellants,* v. DELNO RAE HARVEY, ET AL, *Respondents.*

*Edwin S. Stone,* for appellants.

*Robert A. Keolker,* for respondents.

CALLOW, J.—The plaintiff, Jessie M. Oliver, recovered a judgment against the defendant, Delno Rae Harvey, in a suit arising out of an automobile accident. The jury awarded $6,040 to the plaintiff and $1,000 to the defendant. It found that the plaintiff had been 42 percent negligent and the defendant had been 58 percent negligent; the awards were reduced accordingly. The plaintiff appeals. We affirm.

The plaintiff, Oliver, argues on appeal that she was entitled to a directed verdict on the issue of the defendant's negligence and that the jury erroneously was instructed on the "deception doctrine." She also contends that her recovery was so inadequate that it must have been the result of the jury's passion or prejudice. The plaintiff also raises several objections to evidentiary matters.

The parties collided on the morning of November 3, 1976, at approximately 8:10 a.m., as the defendant made a left turn in front of the plaintiff's oncoming car. The defendant, traveling north, entered the designated left turn lane but did not stop or signal before beginning to turn. There was no stop sign at the intersection, however. The cars collided in the outside lane for southbound traffic, in which the plaintiff had been driving. The plaintiff's headlights were not on at the time, and there was evidence that

she was driving too fast under the foggy conditions. She testified herself, in response to a question as to her speed: "It was no more than 30 if it was that much." The investigating officer arrived on the scene 10 minutes after the collision. He testified in part:

A It was extremely foggy.

Q [Defense counsel] Now, fog is something that each of us pictures in our own mind and maybe have a different picture. When you say "extremely foggy" can you help us out by giving any example or anything to help us determine how foggy?

A Well, it was my impression that due to the weather conditions I had indicated it was a primary causative factor of the accident. It was extremely reduced visibility. I would guess approximately maybe three car lengths, four car lengths—correction, three or four cars with lights may have been seen in a normal traffic situation.

Q All right. Was it foggy enough that in your opinion, Officer, headlights were necessary for safety?

A Exactly.

Q Officer, did you make any—well, let me back up for just a moment. What was the speed on that particular roadway at that time?

A It would have been 35.

Q Did you make any determination, Officer, that under the foggy conditions what a safe speed would be at the time?

A I had indicated 20 miles per hour.

I

MOTION FOR A DIRECTED VERDICT

■ The plaintiff moved for a directed verdict at the close of the defendant's case, contending that the defendant had violated RCW 46.61.185 and was therefore negligent as a matter of law. The statute provides:

The driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

Violation of the statute is negligence per se unless the

defendant can establish that he was deceived by the plaintiff's actions. The "deception doctrine" applies when "the driver who has statutory favored status has by some wrongful driving conduct deceived a reasonably prudent disfavored driver into believing that he can proceed through an intersection with a fair margin of safety." *Chapman v. Claxton,* 6 Wn. App. 852, 856, 497 P.2d 192 (1972).

In ruling on a motion for a directed verdict, the trial court must view the evidence in the light most favorable to the nonmoving party. Such a motion admits the truth of the nonmoving party's evidence and all reasonable inferences therefrom. "The trial court has no discretion and may grant the motion only where there is no competent evidence nor reasonable inference which would sustain a jury verdict in favor of the nonmoving party." *Levy v. North Am. Co. for Life & Health Ins.,* 90 Wn.2d 846, 851, 586 P.2d 845 (1978).

*Harris v. Burnett,* 12 Wn. App. 833, 839, 532 P.2d 1165 (1975), applied this standard to the denial of a directed verdict in a case involving an intersection collision.

> [U]nless the evidence can only be interpreted as showing negligence on the part of the nonmoving party and an absence of negligence on the part of the moving party, such a motion should be denied. The trial court properly left the evaluation of the actions of the parties to the jury.

In the present case, viewing the evidence in the light most favorable to the defendant required the court to assume that the plaintiff "was driving too fast, did not have lights on, and it was terribly foggy." Such evidence did not show an absence of negligence on the plaintiff's part, and the trial court properly denied her motion.

## II
### JURY INSTRUCTION

Second, the plaintiff contends that the trial court erroneously instructed the jury on the "deception doctrine," which was stated in the second paragraph of an instruction

based upon WPIC 70.02. The instruction stated:

> A statute provides that a driver intending to turn to the left within an intersection shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard. This right of way, however, is not absolute but relative, and the duty to exercise ordinary care to avoid collisions at intersections rests upon both drivers. The primary duty, however, rests upon the driver turning to the left, which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times.
>
> If the oncoming driver wrongfully, negligently, or unlawfully operates his vehicle in such a manner that it would deceive a reasonably careful driver making the left turn, so as to cause him to proceed forward on the assumption that he had a fair margin of safety, and if the driver turning left is in fact so deceived, then the right of way rule would not apply in favor of the oncoming driver.

■ The favored driver's deception will excuse the disfavored driver from his duty to yield the right–of–way only when the deception is tantamount to an entrapment. *Gray v. Pistoresi,* 64 Wn.2d 106, 110, 390 P.2d 697 (1964); *Axness v. Edwards,* 9 Wn. App. 780, 783, 515 P.2d 174 (1973). The "deception doctrine" has been applied in two distinct situations. First, it applies when

> the disfavored driver *sees* the favored vehicle and is deceived by the actions of the driver of that vehicle. . . . One cannot be deceived by that which he does not see. . . . And, if one sees the favored vehicle only an instant before the collision, there is, again, no deception in the legal sense.

(Citations omitted. Italics ours.) *Tobias v. Rainwater,* 71 Wn.2d 845, 853, 431 P.2d 156 (1967). The doctrine does not apply "in cases where the disfavored driver did not look . . ., or where he looked but did not see what was obviously there to be seen." *Bockstruck v. Jones,* 60 Wn.2d 679, 682, 374 P.2d 996 (1962).

Second, a disfavored driver may be deceived by a clear stretch of road. *Bockstruck,* at 682. This aspect of the

deception doctrine applies when

> the disfavored driver, consistent with the primary duty of caution resting upon him, and consistent with the physical surroundings, carefully looked from a point of appreciable observation and *could not see* a negligently operated favored vehicle because of a physical obstruction upon or about the roadway. Entrapment of the disfavored driver is thus predicated upon two circumstances: (a) The favored driver's negligent operation, and (b) the concealment thereof from prudent view by an obstruction.

(Italics ours.) *Ward v. Zeugner,* 64 Wn.2d 570, 573, 392 P.2d 811 (1964).

Fog is an obstruction that may conceal the favored driver's car from prudent view. Evidence of the favored driver's negligent operation, however, also is required before the issue may be submitted to the jury. *Wolff v. Coast Engine Prods., Inc.,* 72 Wn.2d 226, 432 P.2d 562 (1967), affirmed the trial court's ruling that the disfavored driver had been negligent as a matter of law.

> The presence of fog places added responsibilities on all drivers, but it does not lessen the obligation of a disfavored driver entering an intersection with an arterial to yield the right of way to drivers lawfully on the arterial . . .
>
> The fog (depending on how thick the jury found it to be) could have made the favored driver contributorily negligent in proceeding at 25–30 miles per hour through an intersection . . .

*Wolff,* at 227–28. As noted in *Tobias,* "excessive speed alone on the part of the favored driver is not sufficient, in and of itself, to justify the submission to the jury of the issue of deception." *Tobias,* at 853. *Crowe v. Prinzing,* 77 Wn.2d 895, 468 P.2d 450 (1970), also upheld the trial court's refusal to submit the issue of deception to the jury where the evidence established that the favored driver's lights had been on before the collision.

In this case, the evidence of deception by the plaintiff was sufficient to send the question to the jury. The fog

could have concealed the plaintiff's car from the defendant's prudent view. In addition, there was evidence of the plaintiff's negligent operation. Expert testimony established that she was not driving with her lights on. Further, the plaintiff admitted driving approximately 30 miles per hour; and the officer testified that 20 miles per hour would have been a safe speed at the time. The trial court committed no error in instructing the jury.

## III

### NEW TRIAL

Third, the plaintiff contends that the jury's award to her was the result of passion or prejudice and that substantial justice was not done. Accordingly, she should have been granted a new trial. *See* CR 59(a)(5). The plaintiff points to the small difference between the amount awarded to her and the amount given to the defendant. She argues that because her injuries were more serious, the sum she received must have been the result of passion or prejudice.

The refusal to grant a new trial on the ground of inadequate damages is within the discretion of the trial court. "We will not reverse the refusal to grant a new trial on such ground except for a manifest abuse of discretion." *Mullin v. Builders Dev. & Fin. Serv., Inc.,* 62 Wn.2d 202, 205, 381 P.2d 970 (1963). Review of the record reveals no basis for concluding that such abuse occurred in this case.

## IV

### EVIDENTIARY OBJECTIONS

Fourth, the plaintiff raises several objections to evidence admitted and excluded at trial. Two of her objections were not properly preserved for appeal because the grounds therefor were not presented to the trial court. Several other rulings were matters within the trial court's discretion, and we find no abuse. Finally, the plaintiff's objection to the defendant's opening statement was remedied by the court's subsequent comment to the jury.

The judgment is affirmed.

DURHAM, A.C.J., and JAMES, J., concur.

Reconsideration denied April 13, 1982.

Review denied by Supreme Court June 11, 1982.